**Filed March 20, 1890.**

---

## No. 14,123.

### FAUROTE ET AL. *v.* THE STATE, EX REL. SWAIN ET AL.

BOND.—*Of Contractor for Building Gravel Road.—Complaint upon.—Allegation as to Furnishing Materials.—Sufficiency of.*—In a suit on a bond given by a contractor for the construction of a gravel road, the complaint sufficiently alleges that the materials furnished the contractor by the plaintiff were used in the construction of the road, when it avers that the indebtedness is for materials furnished to the contractor by the plaintiff, at his special instance and request, for the construction of said road, viz.: gravel, stone and sand, a bill of particulars of which is filed, etc.

SAME.—*Copy of Bond.—Omission of a Surety's Name from.—Effect of when he Unites in Joint Demurrer.*—Where the name of one of the sureties on the contractor's bond does not appear on the copy of the bond set out as an exhibit to the complaint, but he joins with his co-sureties in filing a joint demurrer to the complaint, also jointly assigns errors, the complaint being good as to the other defendants, the demurrer was not well taken, and was properly overruled.

SAME.—*Special Finding of Facts.—Construction of.*—In its special finding of facts, the court found "that on the 8th day of September, 1882, the same being the fifth day of the September term, 1882, of the board of commissioners of the county of Rush, in the State of Indiana, the said board of commissioners entered an order for the improvement of a certain highway in the county of Rush, in the State of Indiana, and for the construction of a free gravel road therein under and in pursuance of the laws of the State, which order is in the words, to wit:" then follows a copy of the order.

*Held*, that this must be treated as a finding that the board of commissioners made an order, and stating the terms of the order.

Faurote *et al. v.* The State, *ex rel.* Swain *et al.*

*Held,* also, that a certificate of the county auditor following the order, which was unnecessary and should not have been included in the finding, must be treated as surplusage.

From the Henry Circuit Court.

*J. A. New* and *E. W. Felt,* for appellants.

*D. S. Morgan,* for appellees.

OLDS, J.—This is an action brought by the appellees against the appellants upon a bond executed by the appellants, Francis M. Faurote and Lewis L. Brown, as principals, and their co-appellants as sureties, the said Faurote and Brown having contracted to construct a certain gravel road, and the bond was executed in the sum of $17,500, conditioned for the faithful performance of said contract, and was executed under the act concerning free turnpike roads.

The action is to recover for the value of gravel and stone purchased by the contractors, Faurote and Brown, to be used in the construction of the turnpike.

There was a demurrer filed by the appellants to the complaint, and overruled by the court. It is unnecessary to set out the complaint more fully, as the ruling on the demurrer thereto, except as we shall hereafter specifically consider the questions in regard to it, involves the same question which was presented and decided in the case of *Faurote* v. *State, ex rel.,* 110 Ind. 463. In that case the same defects in the bond were considered, and the question as to the liability on the bond fully discussed ; and it was held that the bondsmen were liable to the material men for materials furnished in the construction of the road on failure of the contractors to pay for the same ; and it is conceded that under the holding in that case the complaint in this case is good, except it is contended that the complaint in this case does not allege that the materials furnished the contractors by the appellees, and sued for in this case, were used in the construction of the road. The complaint is clearly good in this respect. It is alleged that the indebtedness is for materials furnished to

them by the appellees, at their special instance and request, for the construction of said road, viz.: gravel, stone, and sand, a bill of particulars of which is filed, etc.

The statute, section 4246, R. S. 1881, provides "that the contractor so receiving said contract, shall promptly pay all debts incurred by him in the prosecution of such work, including labor, materials furnished, and for boarding the laborers thereon;" and section 4247 authorizes "Any laborer and materialman, or person furnishing board to said contractor, * * and having a claim against such contractor therefor, shall have the right of action against such contractor and his bondsmen therefor."

The allegations of the complaint bring the appellees within the provisions of the statute, as it is alleged the materials were furnished to the contractor for the construction of said road. The finding of facts shows that the materials were used in the construction of the road.

There is a further objection urged to the complaint in behalf of appellant Cranor. The name of Cranor does not appear to the copy of the bond set out as an exhibit to the complaint; but this question is not presented by the record. Cranor and his co-sureties file a joint demurrer to the complaint; also, jointly assign errors, and the complaint being good as to the other defendants, the demurrer was not well taken, and was properly overruled. The finding of facts shows that Cranor signed the bond.

There was a special finding of facts made by the court, and conclusions of law stated, and the appellants excepted to the conclusions of law. Appellants made a motion for a new trial, which was overruled, and exceptions taken; appellants also made a motion for a *venire de novo*, which was overruled, and the rulings assigned as error.

The three last specifications of error, viz.: the exception to the conclusions of law, the rulings of the court on the motion for a new trial, and the motion for a *venire de novo*,

Faurote *et al. v.* The State, *ex rel.* Swain *et al.*

are discussed together by counsel for appellant, and are based upon the insufficiency of the finding of facts.

It is contended that the finding of facts is defective, in that it sets out the evidence instead of finding the facts. We do not think the finding is subject to the objection urged by counsel. It is true the form of the finding is not one which it would be well to follow, and there is some surplusage; but facts are found entitling the appellees to a judgment against the appellants for the amount due them.

The first finding of the court is, " that on the 8th day of September, 1882, the same being the fifth day of the September term, 1882, of the board of commissioners of the county of Rush, in the State of Indiana, the said board of commissioners entered an order for the improvement of a certain highway in the county of Rush, in the State of Indiana, and for the construction of a free gravel road thereon under and in pursuance of the laws of the State, which order is in these words, to wit:" then follows a copy of the order. This must be treated as a finding that the board of commissioners made an order, and stating the terms of the order. There is a certificate of the county auditor following the order, which is unnecessary, and should not have been included in the finding. While it is bad practice to include it, yet it must be treated as surplusage.

In the second finding the court finds that the board of commissioners, at the trial, had full jurisdiction of the subject-matter.

The same rule which we have applied to the first finding must be applied to the others, which are in like form, and when this rule is applied to the facts as found by the court, they entitle the appellees to a judgment for the amount found due them ; and there is no available error in the exceptions to the conclusions of law, or the rulings of the court on the motion for a new trial, or the motion for a *venire de novo.*

Judgment affirmed, with costs.

Filed March 20, 1890.