C. W. IHRIG, *Appellant*, v. JOHN SCOTT *et al.*, *Respondents.*

BOND OF CONTRACTOR ON PUBLIC WORK — OBLIGEE — EFFECT OF MISTAKE — INSUFFICIENCY OF BOND — ACTION BY SUB-CONTRACTOR.

Where a bond executed by a contractor for the erection of a school house by mistake names the board of school directors instead of the State of Washington as obligee, such defect is not fatal, if from the terms of the bond it appears that its object was to secure laborers and material men as provided for by the act of January 31, 1888 (Laws 1887–8, p. 15).

Under Code Proc., § 800, providing that "no bond required by law . . . shall be void for want of form or substance, recital or condition," a bond given by a contractor for the erection of a school building under the terms of the act of January 31, 1888 (Laws 1887–8, p. 15), providing for the protection of those furnishing labor and materials to such contractor, is valid, if it appears therefrom that it was executed and accepted with the intention on the part of all parties to provide the security required by said statute, although the bond may not be in strict statutory form.

The act of January 31, 1888 (Laws 1887–8, p. 15), provides a remedy for those furnishing material or labor by virtue of a subcontract, as well as for those who furnish the same in any other capacity.

*Appeal from Superior Court, Kittitas County.*

*Pruyn & Ready*, for appellant.

*H. J. Snively*, for respondents.

The opinion of the court was delivered by

HOYT, J.— One John Scott entered into a contract with school district No. 3, Kittitas county, for the erection by him of a school house for said district.    At the time the contract was entered into, said John Scott as principal and the other defendants as sureties, made and delivered to the officers of said school district a bond, of which the following is a substantial copy:

"Know all men by these presents: That we, John Scott as principal, and ———— sureties, are held and firmly bound unto William R. Abrams, John A. Shoudy, S. W. Barnes, P. H. W. Ross and L. R. Grimes, board of directors of school district No. three (3), of the county of Kittitas, and State of Washington, and their successors in office, in the penal sum of forty thousand dollars ($40,000) good and lawful money of the United States, for the payment of which well and truly to be made we bind ourselves, our, and each of our, heirs, executors and administrators, jointly and severally, firmly by these presents.

"Sealed with our seals and dated this 1st day of July, A. D. 1890.

"Whereas, on the 24th day of June, A. D. 1890, the board of directors of school district No. three (3), of Kittitas county, State of Washington, duly awarded the above bounden John Scott, principal, a certain contract to furnish the materials and labor for and to construct, erect and complete a certain brick school building on block No. forty-two (42), Shoudy's first addition to the city of Ellensburgh, Washington, for the sum of thirty-eight thousand six hundred and fifty dollars ($38,650.00), good and lawful money

of the United States, according to the plans and specifications prepared by W. A. Ritchie, architect, and according to the terms and conditions to that certain contract entered into on the 30th day of June, A. D. 1890, by the president and secretary on the part of said school district No. three (3), of Kittitas county, Washington, and by the said John Scott on his own part.

"Now, therefore, if the said John Scott shall pay to all sub-contractors, mechanics, laborers and all persons whatsoever, who shall in any way engage in the construction of said building, and to all persons who shall by his direction furnish any material whatsoever for the purpose of being wrought into said building, all sums to become due to such persons by reason of such laboring upon or furnishing materials for said building, and shall keep and save harmless the said school district from all mechanics' liens that may be filed against said building by such persons, then this obligation to be void, otherwise to remain in full force and virtue."

The plaintiff furnished certain material and labor to said John Scott as such contractor, to be used, and which were used, in the construction of said school house. Not having been paid therefor, he brought his action upon said bond, claiming that by the provisions of the act of January 31, 1888 (Laws 1887–8, p. 15), he was entitled to recover upon said bond the amount thus owing to him by said contractor. When said bond was offered in evidence, the defendants objected to its admission for the reason that such defendants were not liable to the plaintiff upon said bond because the State of Washington was not named therein as obligee, and such bond was not the statutory bond it was claimed to be. This objection was sustained, exception taken, and the action of the court in thus excluding the bond is assigned as error here.

It will be seen that, by the objection thus made, defendants attacked said bond upon two grounds—*First*, That the State of Washington was not named as obligee; and, *second*, that it did not sufficiently appear that the bond was

executed under the provisions of the act above referred to. That a mistake in the naming of the obligee is not a fatal defect in a bond which is executed pursuant to the requirements of a statute in the interests of the public, when, notwithstanding such error, it clearly appears from the bond, taken as a whole, that it was intended to be such a one as is required by the statute, is fully established by the authorities. *State v. Wood*, 51 Ark. 205 (10 S. W. Rep. 604); *Bay County v. Brock*, 44 Mich. 45 (6 N. W. Rep. 101).

The simple fact, then, of the want of the proper obligee in this bond is not fatal to it, if from its terms the object for which it is executed appears. Even a superficial examination will show such to be the fact. No one can read the bond in the light of the statute above referred to without at once coming to the conclusion that in executing it by the principal and sureties and the acceptance thereof by the proper officers of the school district, there was an intention on the part of all to provide the security required by said statute, in the interests of such as might thereafter by virtue thereof become entitled to protection. This would be the rule without the aid of any curative statute. For while it is true that under the old rules existing at common law much technical accuracy was required in regard to instruments of this nature, yet even in the absence of any statute, such rule has been by the decisions of the courts very much modified, and at this time courts look more to the substance than to the form in determining as to whether or not such instruments shall have force. But if there was doubt upon this question unaided by statute, this doubt must be resolved in favor of the rule which upholds bonds of this kind by the provisions of our statute. § 800, Code Proc., is as follows:

"No bond required by law, and intended as such bond, shall be void for want of form or substance, recital, or condition; nor shall the principal or surety on such account be

discharged, but all the parties thereto shall be held and bound to the full extent contemplated by the law requiring the same, to the amount specified in such bond. In all actions on such defective bond, the plaintiff may state its legal effect in the same manner as though it were a perfect bond.''

And under it any deficiency in this bond must be held to be cured. See *Faurote v. State*, 110 Ind. 463 (11 N. E. Rep. 472); *Faurote v. State*, 123 Ind. 6 (23 N. E. Rep. 971).

It follows that neither of the grounds of objection to said bond presented to the court below was tenable, and the action of the court in sustaining the same was therefore erroneous.

It is further objected in this court that said bond was not available in the action brought by the plaintiff, for the reason that his complaint showed that he was a sub-contractor, and that the statute in question did not contemplate the protection of sub-contractors. In order that that objection might avail respondents, it should have been made in the court below, and not for the first time here. But we are well satisfied that even if it was properly raised it could not aid the contention of respondents. In our opinion the statute in question protects those who furnish material or labor by virtue of a sub-contract, as well as those who furnish the same in any other capacity. The object of the statute was to give the same relief by a proceeding upon the bond as could be had, in the case of the erection of a building by a private owner, by the enforcement of a lien against such building; and such being the evident intention of the statute, it should receive such construction at the hands of the courts as will make it available for such purpose.

That a sub-contractor may be required in a suit to foreclose a lien to make further proof than would be required of the one who had himself done all the labor for which the lien was claimed, does not prevent the enforcement of his

lien when such further proof is made; and the fact that such sub-contractor, in enforcing his rights as against the bond given by virtue of the provision of said statute, would also be called upon to make additional proofs that would satisfy the court that he was not indebted to anyone who had furnished materials or performed labor for him in the course of the prosecution of his work as such sub-contractor, cannot deprive him of the benefits of the statute.

The bond should have been allowed to go in evidence, and for the error in excluding it the judgment must be reversed and the cause remanded for further proceedings in accordance with this opinion.

DUNBAR, C. J., and SCOTT, ANDERS and STILES, JJ., concur.