[No. 1069.  Decided December 27, 1893.]

## I. C. WADSWORTH, *Appellant*, v. SCHOOL DISTRICT No. 1 OF WHATCOM COUNTY, *Respondent*.

SCHOOL DISTRICTS — ERECTION OF SCHOOL HOUSES — LIABILITY FOR MATERIALS FURNISHED CONTRACTOR — VALIDITY OF CONTRACTOR'S BOND.

In an action against a school district for not taking a sufficient bond from a contractor for the protection of persons furnishing material to be used in the erection of a school house, the fact that the sureties on the bond did not justify as to their financial responsibility is a mere irregularity, which will be presumed not injurious to the rights of plaintiff, in the absence of allegation and proof that they were not able to justify as required by statute.

Such a bond is not inoperative for the reason that it is by its terms payable to the school district instead of to the State of Washington.

It is not necessary that such bond be placed on file in the auditor's office prior to the furnishing of materials to the contractor, in order to relieve the school district from liability.

*Appeal from Superior Court, Whatcom County.*

*Cole & Romaine*, for appellant.

*Bruce & Brown*, for respondent.

The opinion of the court was delivered by

HOYT, J. — This action was brought to recover of a school district for material furnished to a contractor and used in the erection of school houses by said district. The ground upon which the plaintiff sought to hold the district liable to him for such material was, that it had not taken a bond as required by the act authorizing municipal corporations to take a bond from contractors, approved January 31, 1888 (Laws 1887–8, p. 15). In the progress of the case it was found that a bond had been taken by the dis-

trict, and the action of the plaintiff could not be maintained unless the bond so taken was, for some reason, without force as related to the plaintiff.

Three reasons are suggested by the appellant why the bond was not binding as to him—(1) The sureties did not justify as to their financial responsibility; (2) that the bond was in terms payable to the school district instead of to the State of Washington, and was in other respects informal in its terms; (3) that it was not placed on file in the auditor's office of the county until after the material had been furnished by the appellant.

As to the first objection, the plaintiff, in order to make it available, should have shown that the sureties were not in fact of such financial responsibility as would have warranted them in justifying as required by the statute. In the absence of such allegation and proof the omission was a simple irregularity not shown to have been injurious to the rights of the appellant.

It is not necessary to say more as to the second objection than that a bond fully as informal in its terms and conditions, and not payable to the State of Washington, was sustained by this court in the case of *Ihrig v. Scott*, 5 Wash. 584 (32 Pac. Rep. 466).

The third objection is also untenable. It appears from the transcript that the bond was placed on file and plaintiff had notice thereof before he commenced his action. The object of filing these bonds at all is not to give them validity, but simply for the purpose of giving notice to all persons interested; and if the appellant had notice of the fact of the giving of the bond in question, at the time he desired to go into court for the purpose of enforcing rights growing out of the furnishing of said material, the whole purpose of such requirement was subserved.

It follows that, in our opinion, the bond was sufficient,

and that the court below rightly set aside the verdict against the district and granted a new trial, and its action in so doing must be affirmed.

DUNBAR, C. J., and STILES, SCOTT and ANDERS, JJ., concur.