[No. 1628.   Decided January 30, 1896.]

C. W. IHRIG, *Appellant*, v. JOHN SCOTT *et al., Respondents.*

PRINCIPAL AND SURETY — JUDGMENT AGAINST PRINCIPAL — SUFFICIENCY
AS EVIDENCE OF SURETY'S LIABILITY.

A judgment obtained against the principal upon a statutory bond given under the provisions of Gen. Stat., § 2415, for the protection of those furnishing labor and materials to a contractor upon public improvements, is *prima facie* sufficient to warrant a recovery against the sureties, without requiring proof of the contract between the principal and the party so furnishing labor or materials.

Appeal from Superior Court, Kittitas County.— Hon. CARROLL B. GRAVES, Judge.   Reversed.

*Edward Pruyn,* for appellant.

*H. J. Snively,* for respondents.

The opinion of the court was delivered by

Scott, J.—This is the second appeal in this action. For the first one see 5 Wash. 584 (32 Pac. 466), where the cause was reversed and remanded for a new trial as against the sureties on the bond.   When the cause came on for a re-trial, the plaintiff introduced in evidence the bond and the original contract between the school district and defendant Scott, the judgment obtained by him against said Scott on the former trial, with proof that it had not been paid; and sought to prove by parol the contract between himself and said Scott upon which the judgment aforesaid had been obtained.   This proof was objected to and excluded on the ground that the contract was in writing.   The plaintiff not being able to produce the writing, or lay a sufficient foundation for the introduction of parol testimony, the court granted a motion for a non-suit.

Whereupon the plaintiff appealed, and he contends that it was not necessary to prove the contract between himself and the defendant Scott; that the proof of the judgment obtained against Scott was sufficient *prima facie* to sustain a recovery against the sureties, and if so, the court erred in granting the non-suit.

We are of the opinion that this point is well taken. The bond in question was a statutory one and official in character; *Faurote v. State*, 123 Ind. 6 (23 N. E. 971); and a judgment obtained against the principal upon such a bond is *prima facie* sufficient to warrant a recovery against the sureties. *Masser v. Strickland*, 17 Serg. & R. 354 (17 Am. Dec. 668); *Evans v. Commonwealth*, 8 Watts, 398 (34 Am. Dec. 477); *Stephens v. Shafer*, 48 Wis. 54 (33 Am. Rep. 793); *Lowell v. Parker*, 10 Metc. 309 (43 Am. Dec. 436).

It follows that the non-suit should not have been granted.    Reversed.

Hoyt, C. J., and Anders and Gordon, JJ., concur.