[No. 18296.  Department Two.  May 6, 1924.]

THE STATE OF WASHINGTON, *Respondent,* v. ALVIN L. DAVIS *et al., Appellants.*[1]

CRIMINAL LAW (188)—TIME FOR TRIAL—DISMISSAL FOR DELAY—WAIVER OF OBJECTION. A motion to dismiss a prosecution for a felony for failure to try the case within sixty days is too late when not made until the trial.

BAIL (4)—BONDS—EXECUTION—SIGNATURE OF PRINCIPAL. Where sureties signed and delivered a bail bond without the signature of the principal, they can not defeat forfeiture of the bond on the ground that it lacked a principal (the statute contemplating judgment against both principal and sureties); especially in view of Rem. Comp. Stat., § 777, providing that no bond shall be void for want of form and that all parties thereto shall be bound to the extent specified therein.

Appeal from a judgment of the superior court for Benton county, Truax, J., entered January 4, 1923, adjudging the forfeiture of a bail bond. Affirmed.

*McGregor & Fristoe,* for appellants.

*Geo. O. Beardsley* and *Campbell W. Bushnell,* for respondent.

MITCHELL, J.—Alvin L. Davis, by an information filed in the superior court on February 21, 1922, was charged with a felony. He was arrested, and at arraignment on March 1, 1922, entered a plea of not guilty. His bail was fixed by the court at $2,000, and on March 1, 1922, the court approved and ordered filed a bond in that sum, executed by Ernest W. Fry, Mary E. Fry, L. D. Lape, Mary V. Lape and J. W. Whiting as sureties, presented by the defendant, and upon which he obtained his release from imprisonment. The bond was in the usual form of such instruments, but was not signed by the defendant.

[1]Reported in 225 Pac. 225.

It appears that the defendant Davis fled from the state, and on the fifty-third day after the information was filed the bondsmen made an application for an order of the court directing the sheriff to take him into custody, as they deemed themselves insecure. The sheriff was unable to find the defendant. Thereafter, upon notice of assignment to be made on July 29 for the trial of the case, duly served, and continued by consent to August 14, 1922, the case was regularly set for trial to be had on September 16, 1922, at which time, and thereafter for four or five different times, upon application or stipulation of the attorneys for the defendant, the trial was postponed to January 4, 1923, at which time a motion on behalf of the defendant, by his attorneys, was presented for a dismissal of the case for the reason that the defendant had not been brought to trial within sixty days after the filing of the information. The motion was denied. Upon the court's asking if the parties were ready to proceed with the trial, it appearing that the defendant was absent and could not be found,

"it was directed by the court that the bailiff call aloud the name of the defendant three times in the halls and corridors of the court house near the courtroom, which was done accordingly, and said bailiff having returned and having informed the court that there was no response to said call, and, the state of Washington being represented by G. W. Hamilton, prosecuting attorney, and the defendant being represented by C. W. Fristoe, of the firm of McGregor & Fristoe, of counsel, the court found, adjudged and decreed that said defendant Alvin L. Davis had left the jurisdiction of the court and that his whereabouts were unknown and that he was in default."

Thereupon the court ordered and declared a forfeiture of the bond, as provided by § 2090, Rem. Comp. Stat. [P. C. § 9186], and at the same time entered judg-

ment in the sum of $2,000 in favor of the state against Ernest W. Fry, Mary E. Fry, L. D. Lape, Mary V. Lape and J. W. Whiting, from which judgment this appeal has been taken.

The first assignment relates to the denial of the motion to dismiss the action for failure to try the case within sixty days after filing the information. The statute relied on, § 2312, Rem. Comp. Stat. [P. C. § 9143], provides exceptions to the sixty-day rule where the trial has been postponed upon the application of the defendant or for good cause shown. Prior to the expiration of the sixty days, the defendant became a fugitive and the trial could not be had. Continuances had been granted upon the application or by stipulation of defendant's attorney, and the motion to dismiss was not presented until the time of trial. It was then too late. In the case of *State v. Alexander,* 65 Wash. 488, 118 Pac. 645, we said:

"After the trial has begun, or when it is about to take place, it is too late for the defendant to move for a dismissal. The statute provides a remedy for the defendant when the prosecutor without cause does not bring the case to trial."

The second assignment is that the court erred in entering summary judgment against the sureties contrary to the manner prescribed by statute. The defendant failed to appear and without doubt his default was properly declared and entered, and § 2231, Rem. Comp. Stat. [P. C. § 9347], provides that the recognizances shall be declared forfeited and judgment entered for the amount therein mentioned. But it is argued that because the statute last referred to says that the judgment shall be against the principal and sureties, and because there was no principal on the bond in this case, that therefore there could be no valid judgment. Most bail bonds and recognizances

do have the signature of the principal, and in such cases judgment would include the principal. We have no statute requiring the signature of a principal on a bail bond, nor declaring a bail bond void if signed only by sureties. In this case the appellants are not in a position to avoid the obligation because it was signed only by them. They executed and delivered it to him that he might use it, as he did present and use it, to accomplish his release from jail. They reaffirmed their obligation by asking the help of the court to apprehend the defendant after he had fled and they felt insecure. They have had their consideration, which need not be a valuable one, and they cannot complain. To say the least, the instrument, whatever its form, was, in legal effect, an undertaking on their part that "said Alvin L. Davis shall appear in court and answer said charge and attend said court from time to time and from term to term, and obey all orders made by said court therein," and subd. 12, § 2302, Rem. Comp. Stat. [P. C. § 8737], says: "The word 'bond' shall include an undertaking."

Again, the appellants are not entitled to relief because § 777, Rem. Comp. Stat. [P. C. § 7431], provides against it. That section says:

"No bond required by law, and intended as such bond, shall be void for want of form or substance, recital, or condition; nor shall the principal or surety on such account be discharged, but all the parties thereto shall be held and bound to the full extent contemplated by the law requiring the same, to the amount specified in such bond."

In the case of *Ihrig v. Scott,* 5 Wash. 584, 32 Pac. 466, it was held that because of this section of the code want of a proper obligee was not fatal to the bond. And in the case of *Eureka Sandstone Co. v. Long,* 11

Wash. 161, 39 Pac. 446, construing the statute and referring to the doctrine of the *Ihrig v. Scott* case, *supra,* it was held that sureties were bound upon a bond not signed by the principal. In discussing the subject it was said:

"A bond is nothing more nor less than a contract, and the sureties to a bond are simply parties to a contract; and we know of no reason why the same rules of construction should not be applied to a bond as to any other contract. It is true that the sureties may not be beneficiaries in any respect, and that it may be purely a matter of accommodation with them; but the bond was made to effect a certain purpose; that purpose was to secure the obligees from loss in case of its violation; and there is no reason why the law should make it more difficult for the obligee to obtain redress in case of a violation of a bond than a party to any other contract. The true inquiry should be, what was the meaning and intent of the contract; and when that meaning and intent can be ascertained, the contract ought to be enforced."

And then, upon quoting from the *Ihrig* case, *supra,* and setting out the statute, it was said:

"Certainly the reasoning of the court in this case is applicable to the one at bar. In the case discussed there was no obligee mentioned, for the naming of the board of school directors, who could not under the law be obligees to the bond, amounted to no mention at all. In the case at bar there is no signing by one of the obligors. Certainly there can be no more reason why a bond should be declared void and illegal by reason of its non-execution by the obligor than by reason of its omission of the name of the obligee; and as with the case discussed, it takes but a superficial examination of the case at bar to lead one to the conclusion that in the execution of the bond in question by the sureties, and the acceptance thereof by the county commissioners, there was an intention on the part of all to provide the security required by the statute in the interests of

such as might thereafter, by virtue thereof, become entitled to protection.''

The reason of the two cases applies here.

Judgment affirmed.

Main, C. J., Pemberton, Fullerton, and Bridges, JJ., concur.