[No. 36824.    Department Two.    January 30, 1964.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM H. GILCREASE, *Appellant.**

*Blaine Hopp, Jr.,* for appellant.

*Lincoln E. Shropshire* and *Wiley G. Hurst,* for respondent.

DONWORTH, J.—William H. Gilcrease has appealed from the judgment and sentence entered upon a jury verdict finding him guilty of the crime of robbery.

He was tried separately on an information charging him and two others jointly with robbing Mack's Market, a retail grocery store in Yakima, at about 8:15 a. m. on May 3, 1962. In appellant's brief, it is stated that the other two men pleaded guilty to the charge. The record shows that they

*Reported in 388 P. (2d) 962.

were called as witnesses, but their testimony is omitted from the statement of facts.

Appellant resided with an older sister in Auburn, Washington. The day before the robbery, he and his two companions (whom he had known for about 2 years) drove in a car owned by one of them to Hermiston, Oregon. They remained there only a few minutes and drove to Yakima.

It is not necessary to state the details of the robbery. They were stated fully in the proprietor's testimony. Appellant's participation consisted of taping the proprietor's hands behind him, then helping him lie down on the floor, driving the car away from the scene of the robbery, and later receiving a share of the stolen money.

Appellant took the stand and testified, in substance, that he performed these acts on orders from his two companions (each of whom was holding a gun) because he was in fear of his life or grievous bodily harm.

The jury did not believe him, and this court will not invade the province of the jury, which is the sole judge of the credibility of the witnesses. Consequently, unless appellant has shown that there is some error in the record that would warrant reversal, we must affirm the judgment and sentence.

We now consider appellant's seven assignments of error in numerical order.

Appellant first complains that the trial court erred in denying his motion to dismiss the case because he was not brought to trial within 60 days after being charged as required by RCW 10.46.010. This statute is not absolute in its terms. It provides that an accused shall be tried within the 60-day period unless good cause be shown.

The state contends (1) that good cause was shown, and (2) that appellant's motion was untimely because it was not made prior to trial.

Regarding the first contention, the state points out that appellant was arraigned May 8, 1962, when, at appellant's request, the court appointed counsel (other than his counsel on this appeal) to represent him. May 23 appellant and his

counsel appeared, and a plea of not guilty was entered by him.

It is stated in the state's brief that the next jury term was to begin on October 15, 1962. The current term ended May 31, 1962. Meanwhile, on July 12, appellant signed a waiver of his right to a jury trial which was approved by his counsel, the deputy prosecutor, and the trial judge. A week later (before a nonjury trial was held), appellant's court-appointed counsel withdrew, and his present counsel was appointed to represent him. Appellant's jury trial commenced on October 24, 1962, which was 9 days after the fall jury term began. During this period (May 4, the day the information was filed, to October 24), no motion was made by appellant under RCW 10.46.010.

█ The trial court took judicial notice of the condition of its trial calendar at that time. We think that the state has shown good cause for not bringing appellant to trial within 60 days after his arraignment. Furthermore, appellant's motion was not made prior to trial. We have held that where such motion is not made until trial, it is then too late. *State v. Davis,* 129 Wash. 523, 225 Pac. 225 (1924).[1]

Appellant next assigns error to the admission in evidence of his confession which he claims was "taken during an illegal detention" between the time of his arrest on May 3, 1962, and his arraignment 4 days later, and also complains that the confession was taken "following an illegal arrest."

When this confession was offered in evidence, appellant's counsel objected to its admission on the grounds above stated. The jury was excused and the question of its admissibility was argued by both counsel. The trial court reserved its ruling until the following morning when a hearing was held in the absence of the jury as to whether the confession was voluntary. Three peace officers testified, and appellant also took the stand, but their testimony is not included in the record.

[1]Even if the motion were timely made and it was granted by the trial court, the prosecution could immediately file a new information. *State v. Moore,* 60 Wn. (2d) 144, 372 P. (2d) 536 (1962).

The trial court, at the conclusion of this hearing, reviewed the testimony and stated specifically that appellant

" . . . was lying when he testified so far as those matters that he testified to were contradictory to the other testimony in respect to the manner in which the statement was made, the inducements or the reasons for making it."

The court concluded: "I find nothing here upon which the court can conclude that this statement was involuntarily made."

■ Since the testimony of the three officers and of appellant is not in the record, there is nothing before us to review as to this assignment of error. However, in any event, since it is clear that the trial court weighed the evidence and found that appellant's testimony was not entitled to any credence, this court will not disturb the trial court's findings on the issue of voluntariness under such circumstances. *State v. Keating,* 61 Wn. (2d) 452, 378 P. (2d) 703 (1963), and *State v. Moore,* 61 Wn. (2d) 165, 377 P. (2d) 456 (1963).

Concerning appellant's contention that his arrest was illegal because of the lack of probable cause in the mind of the arresting officer when he arrested appellant and his companions in Cayuse Pass, which is some distance from the scene of the robbery, the trial court said:

"The Court: Oh, lack of probable cause. Well, I think the testimony that the court heard answered that contention, that the description that the Officer had of the vehicle, the route it was taking, the manner in which it was being driven, the location in which it was seen all constitute probable and sufficient cause to warrant the pursuit and the arrest."

We are of the opinion that appellant's second and third assignments are without merit.

In assignments 4, 5, and 6, appellant argues that the trial court erred in giving instructions Nos. 9, 10, and 11 in that in each instance the jury was permitted to find appellant guilty of aiding and abetting the commission of a robbery, and that there was no evidence to support such a finding.

In instruction No. 1, the court quoted the material portions of the amended information which charged that appellant and his two companions "jointly, unlawfully, willfully, and feloniously" took lawful money of the United States, the property of Walter Mack, doing business as Mack's Market.

Appellant testified that, when he and his companions were in the market, the latter each produced a gun and pointed it at Walter Mack and ordered him to hand over the money. Appellant also testified that he taped Mr. Mack's hands behind his back and helped him to lie down on the floor. He stated that these acts were performed by him on orders of his companions and under fear for his life or serious bodily injury. As pointed out above, the jury did not believe that appellant was acting under duress when he performed these acts.

Mr. Mack's testimony alone was sufficient, if believed by the jury, to support a finding that appellant was guilty of aiding and abetting his companions in the commission of the robbery described in the amended information.

This court, in *State v. McCaskey,* 55 Wn. (2d) 329, 347 P. (2d) 895 (1959), held that a person charged jointly with another with the commission of a crime may be convicted of aiding and abetting his codefendant and that an information similar to that filed in the present case is sufficient notice to one defendant that the acts of a codefendant (who is jointly charged with him) are, in legal contemplation, his own acts.

We do not find any reversible error in the giving of instructions Nos. 9, 10, and 11.

The last assignment of error relates to the failure of the trial court to grant a "new trial" because of prejudicial argument by the prosecutor.

After the jury had retired to deliberate on its verdict, appellant's counsel moved for *a mistrial* on the ground that the deputy prosecutor had made prejudicial statements in his address to the jury. No objection was made by appellant's counsel in the presence of the jury because, as he

stated in his argument before the trial court, he felt that to do so would have only increased the prejudicial effect of the deputy prosecutor's statements.

In his argument in this court in support of this last assignment of error, appellant argues that it was reversible error to permit the prosecutor to explain the absence of a witness who was present when appellant's confession was taken.

The record shows that the prosecutor's argument to the jury was not taken down stenographically or otherwise and consequently we are unable to review the action of the trial court in denying appellant's motion for a mistrial.

The trial court stated at length his reasons for denying the motion for a mistrial and we are unable, on the record before us, to say that the trial court abused its discretion in so doing.

Appellant has not convinced us that the trial court committed reversible error in any of the particulars stated in his assignments of error.

In our opinion appellant had a fair trial and the judgment and sentence entered by the trial court is hereby affirmed.

OTT, C. J., FINLEY, and HAMILTON, JJ., and POYHONEN, J. Pro Tem., concur.