[Nos. 38812, 38991,    Department One.    February 23, 1967.]
39006, 39132.

THE STATE OF WASHINGTON, *Respondent*, v. JOHNNY DUNN, *Defendant*, RICHARD EUGENE SIRES, *Appellant*.

*In the Matter of the Application for a Writ of Habeas Corpus of* RICHARD E. SIRES, *Appellant and Petitioner*, v. BERT GUNS, *Respondent*.

*In the Matter of the Application for a Writ of Habeas Corpus of* RICHARD EUGENE SIRES, *Petitioner*, v. B. J. RHAY, *as Superintendent of the State Penitentiary, Respondent*.*

*Reported in 424 P.2d 897.

*George M. Martin* (Appointed counsel for appeal), *Randall L. Marquis,* and *Richard Eugene Sires,* pro se, for appellant and petitioner.

*The Attorney General, Stephen Way, Assistant, Lincoln E. Shropshire,* and *Walter B. Dauber,* for respondent.

LANGENBACH, J.†—The defendant has appealed to this court from (1) his conviction of second degree burglary; (2) the denial of his petition for a grand jury; and (3) the denial of his petition for a writ of habeas corpus in the trial court. He has also petitioned this court for writs of certiorari and habeas corpus. He will be referred to as defendant.

Two of these matters may be disposed of at the outset. Defendant was denied a free statement of facts from the denial of his petition for a writ of habeas corpus in the trial court. He sought a writ of certiorari to review the denial of that statement. Because these matters have become consolidated, his appeal from the denial of his petition for a writ of habeas corpus in the trial court has come to this court together with his appeal from the burglary conviction. A statement of facts is part of the record in the burglary appeal. The issue raised by the petition for writ of certiorari is now moot.

■ After defendant appealed from the burglary conviction he attempted to procure a grand jury indictment for the crime for which he had just been convicted. When this was denied he also appealed from the order of dismissal. It was his contention that either the provisions of the constitution concerning grand juries were unconstitutional (as favoring only the rich and politically powerful—citing the Beck and Twitchell cases) or that he had been denied due process by not being "accorded the rarity of a Grand Jury." It has repeatedly been held that whether a defendant shall be charged by indictment or information is a matter entirely within the discretion of the prosecuting attorney. *State v. Kanistanaux,* 68 Wn.2d 652, 414 P.2d 784 (1966).

---

†Judge Langenbach is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

The appeal from the denial of a petition for a grand jury indictment lacks merit.

The defendant did not testify. The following facts were established by testimony which the jury was entitled to and did believe.

Early on the morning of September 30, 1965, a laundromat in the city of Yakima was broken into, a money changer removed and taken to the home of one of the three participants in the crime. In the presence of the wife of one, the machine was broken open, the money extracted and divided into three equal parts; one of these was given to defendant. Thereafter the machine was thrown into an irrigation ditch. It was recovered and admitted into evidence after being identified by the owner of the laundromat from which it had been removed.

Early on the morning of October 3, the defendant and a partner were arrested in another laundromat by a passing police officer who had observed their criminal activities. The defendant was then placed in jail for this offense. (Apparently nothing was ever done in regard to this crime.)

The defendant and another man were charged with a different burglary on October 6, arraigned and then allowed time to procure his own attorney.

On October 8, defendant and one of the participants in this crime in question were arraigned. Again, the defendant was given time to seek his own counsel, and when this was not done, the court later appointed an attorney for him on October 20.

On November 3, defendant moved for an immediate trial although he had not yet entered any plea. This plea was entered the next day. The jury term in Yakima County had started early in October and ran into the first part of December. At the time of his arrest and the entry of his plea, the docket had been completely filled with cases ready for trial. As in most counties, some cases are settled and vacancies in the docket appear, but they do not appear soon

enough to permit the substitution of another ready case, especially criminal cases.

Defendant moved for a dismissal on December 7, and on December 30, filed a supporting affidavit. This was not noted for argument. The motion was heard and dismissed on January 5, 1966, the day of the trial.

One of the participants in this burglary was a codefendant. He pleaded guilty and then testified to the part played by the defendant. His case was continued for a pre-sentence investigation, and subsequent to the trial was sentenced.

The other participant with defendant in this offense was also a codefendant with him in a different burglary. He too pleaded guilty therein and his case was continued for a pre-sentence investigation.

These two participants testified concerning the details of this burglary, the taking of the money changer to the home of one where it had been forced open and the money equally divided. The wife was present and she testified to what occurred and the fact that the defendant received his one-third of the proceeds.

A police officer testified he had been informed where the money changer had been thrown into an irrigation ditch and that he had retrieved it for the trial. It was identified by the owner of the laundromat who also described the condition of the laundromat after the felonious entry.

During the examination of his codefendant and accomplice, defendant attempted to impeach his testimony by proof that he had been convicted by a military court martial. There was some doubt in the court's mind concerning this matter, and, in the absence of the jury, defendant was allowed to examine into this man's military record. It appeared that he had been confined to the stockade for disobedience to his commanding officer. He also admitted he had escaped therefrom and received an additional 6 months confinement. He stated he had pleaded guilty to the same offense charged against the defendant herein.

No other evidence was offered by defendant. The case proceeded to its close in the evening of the day of trial. Prior to its finish the court informed defendant's counsel that he would admit the court martial testimony into the case before the jury. At this time the particular witness was absent from the courtroom. When the court made this announcement it inquired if defendant's counsel would stipulate to have the court reporter read this testimony to the jury. The attorney said, "I would so stipulate." The deputy prosecuting attorney accepted the stipulation and the reporter read this military conviction testimony to the jury. The jury brought in the only possible verdict—guilty.

Defendant's appeal from his conviction for burglary and his appeal from the denial of his petition for a writ of habeas corpus in the trial court raise the same issues and will be considered together. The appeal from the denial of the writ adds only the allegation that defendant was never served with a warrant of arrest, but there is in evidence an exhibit of the warrant of arrest on which defendant's initials appear as admitting receipt of such a warrant of arrest.

■ Defendant argued first that the court erred in not dismissing the action for failure to bring it to trial speedily, within 60 days, as he requested. The record showed that the trial docket was completely filled before defendant was charged with this crime and had entered a plea of not guilty. The jury cases had been set for the entire term. The fact that a case might be settled out of court leaving an open date on the docket would not allow time for the parties and attorneys to rearrange their affairs so as to bring on another jury trial on so short a notice. The trial judge noted that such things happen, but they cannot be depended upon. Consequently some degree of discretion must be allowed in such matter. Good cause for such incidental delay existed here. The trial court may take judicial notice of the conditions of its trial calendar at the time. *State v. Gilcrease,* 63 Wn.2d 731, 388 P.2d 962 (1964).

He next argued that the information was fatally deficient in its description of the place where the crime occurred. The information stated the crime was committed in Yakima County in the business and building of the East Yakima Avenue Laundromat. There was no objection or motion leveled against the information. All of the witnesses referred to one particular place. Since this question was not raised in the trial court it will not be further considered here. *State v. Miller,* 66 Wn.2d 535, 403 P.2d 884 (1965).

Defendant further argued that there was no credible evidence to justify the verdict. The jury had before it the testimony of the two participating accomplices, the wife of one who saw the division of the spoils and the owner of the laundromat burglarized. While efforts were made to impeach the two accomplices, the jury still had the right to believe their testimony. There was substantial evidence, which the jury very apparently believed, to sustain the verdict. All of the elements of the offense were proven.

As stated in *State v. Jaime,* 62 Wn.2d 610, 613, 384 P.2d 363 (1963):

> After weighing all the evidence presented by the state (there being none presented by appellant), the jury chose to believe the testimony of the prosecuting witness. Since the jury, under the instructions given them by the court (which appellant concedes to be correct), found appellant to be guilty of the offense charged in count 1, neither the trial court nor this court can say that the testimony of the prosecuting witness was unbelievable.

This assignment is without merit.

Defendant asserted error concerning the attempt to impeach the witness by his military record. When the question arose concerning such a record as impeachment material, the court permitted the defendant free rein to examine that witness in the absence of the jury. Before the trial was concluded the court decided to permit such testimony. In the absence of that witness, defendant's counsel stipulated that the court reporter might read his testimony to the jury. In addition, the jury knew the connection of that

witness with the defendant and this burglary charge through his plea of guilty to the same information and his testimony. The jury had full cognizance of that record.

In addition to the appeal, defendant has sought writs of habeas corpus against the Yakima County sheriff and the superintendent of the state penitentiary. Essentially each petition sought the same relief as stated in his appeal. In fact, he asked that they be considered in connection with the appeal. These proceedings have been carefully scrutinized and considered. They have already been answered adversely in the appeal. If there had been untoward delay in his trial, it was acquiesced in by his attorney when the case was originally set for trial.

The defendant had a fair trial; there were no errors. The judgment and sentence is affirmed.

ROSELLINI, OTT, HUNTER, and HALE, JJ., concur.

---

March 23, 1967. Petition for rehearing denied.