[No. 356-39996-1.    Division One—Panel 2.    August 3, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. WILLIAM A. GRAY, *Appellant.*

*James J. Caplinger,* for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Frederick L. Yeatts, Deputy,* for respondent.

UTTER, J.—William Gray was convicted of burglary in the second degree and appeals that conviction. He assigns as error the failure of the arresting officer to warn him of his constitutional rights and the action of the court in admitting certain exhibits into evidence.

Someone breaking into the Secoma Lanes bowling alley set off a burglar alarm in the home of the owner. The owner called the sheriff's office, and Officer Zerbel and his partner shortly thereafter arrived at the scene. Officer Zerbel observed the defendant in the bowling alley for some 5 to 10 seconds and saw his clothing. He also observed a second individual whose back was turned. The two then disappeared from view inside the alley and the officer apprehended Alton Keener, who was discovered on top of the building. Officers Burke and Grant assisted in the burglary investigation but did not see any of the defendants and later went to investigate an unrelated incident.

Later that same morning, Officers Burke and Grant returned to the area of the burglary and observed a vehicle drive out of a dead-end road in such a manner as to arouse their suspicion. They lost the automobile from view and later observed it in the same area failing to stop for a stop sign. The vehicle was signaled to stop with the red light of the patrol car and Officer Burke left the police car to approach the driver.

William Gray was alone in the car and Officer Burke asked for his driver's license, to which he replied he had none. Burke observed the ignition was hot-wired and asked Gray if it was his car. Gray replied that he had hot-wired the car and that it belonged to his friend Mr. Keener. At that time, Burke recognized Keener's name as the man arrested at the scene of the burglary and stepped back from Gray, telling him to keep both hands on the steering wheel. Burke and his partner phoned for assistance and Officer Zerbel later arrived on the scene and identified Gray as the man he saw in the alley.

▓ Gray's counsel, who did not represent Gray at the time of trial, urges the court erred in admitting any testi-

mony relating to the circumstances surrounding Gray's arrest and the conversation of Gray and the officers before his arrest. We cannot agree. The warnings provided for in *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, 10 A.L.R.3d 974 (1966) must be given if the prosecution wishes to use statements either exculpatory or inculpatory stemming from custodial interrogation of defendants. Custodial interrogation does not, however, include "[g]eneral on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process . . ." *Miranda v. Arizona, supra* at 477. In *State v. Creach*, 77 Wn.2d 194, 461 P.2d 329 (1969), our Supreme Court defined the point at which investigation shifts to custodial interrogation, stating:

> It is difficult to set forth an all-inclusive rule covering every possible situation, but once an investigating officer has probable cause to believe that the person confronted has committed an offense, the officer cannot be expected to permit the suspect to leave his presence. At that point interrogation becomes custodial, and the suspect must be warned of his rights.

The car Gray was driving was seen by Officers Burke and Grant leaving a dead-end street in the vicinity of the Secoma Lanes bowling alley at 4:30 in the morning. They knew the bowling alley had been broken into earlier in the evening, and only one of the individuals involved had been apprehended. The officers became suspicious and followed the vehicle. It failed to stop for a stop sign and they pulled it over. Gray does not contend being stopped in his car and questioned regarding the traffic offense amounted to custodial interrogation. There is nothing in the record to indicate the officers had probable cause to believe Gray had committed the burglary. It was only after Gray had answered routine questions that the police officers had probable cause to believe Gray was involved in the burglary. At this point—not before—the status of custodial interrogation began. *See State v. Berkins*, 2 Wn. App. 910, 471 P.2d 131 (1970). This conclusion does not conflict with the United States Supreme Court's recent decision in *Orozco v. Texas*,.

394 U.S. 324, 22 L. Ed. 2d 311, 89 S. Ct. 1095 (1969) inasmuch as there was testimony in that case the defendant "was under arrest and not free to leave when he was questioned in his bedroom in the early hours of the morning." *See State v. Creach, supra.*

We recognize Gray was temporarily detained for the traffic violation. Temporary detention, however, is not synonymous with the in-custody interrogation necessitating the Miranda warnings. *See People v. Manis,* 268 Cal. App. 2d 653, 74 Cal. Rptr. 423 (1969). Gray does not argue his statements were inadmissible in a prosecution of the traffic offense. He claims his statements were not admissible in a prosecution for a completely unrelated crime. At the time Gray was stopped, the police officer could make no valid accusation against him (except for the traffic offense), and, thus, the process had not shifted from investigatory to accusatory. *Escobedo v. Illinois,* 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 (1964). As the investigation had not yet focused on the accused, the Miranda warnings need not be given. *Miranda v. Arizona, supra* at 444 n.4.

The state offered as exhibits gloves and a sweater, four screwdrivers and what appeared to be a crowbar. The gloves and sweater were found on the roof of the bowling alley on top of the air vent, where entry was made into the building. The screwdrivers and crowbar were found inside the air-vent room, where entry could have been made from the air vents on the roof. The screwdrivers and crowbar did not belong to the bowling alley. The trial court admitted these exhibits into evidence and Gray urges the court erred in so doing.

A fact in issue was whether there was a breaking and entering into the building, an element of the crime of burglary. The evidence and its location in the building were relevant to this issue and were material, as they tended to establish the fact of breaking and entering. The issue of materiality must be determined not just on the item of evidence alone, but on the basis of whatever inferences were made from it when it was viewed in connection

with other evidence in the case. The cogency and degree to which it elucidates the facts in issue determine the weight to be given it by the trier of the fact. *State v. Hawkins,* 70 Wn.2d 697, 425 P.2d 390 (1967); *State v. Gersvold,* 66 Wn.2d 900, 406 P.2d 318 (1965). The court did not err in admitting the testimony.

Gray challenges the sufficiency of the evidence to sustain his conviction. There was evidence and reasonable inferences therefrom from which the jury could conclude the defendant participated in the burglary. We are unable to say there was no substantial competent evidence upon which the conviction could be based. *State v. Dunn,* 70 Wn.2d 572, 424 P.2d 897 (1967).

■ The remaining assignments of error urged by Gray are not properly before this court for review. No exceptions were taken at the trial court level to the questions now raised, and we cannot now consider these issues. One assignment of error was directed to alleged improper remarks of the prosecutor. There is no showing a cautionary instruction could not have corrected the alleged error had it been requested. We, for this reason as well, will not consider this assignment of error. *State v. Van Auken,* 77 Wn.2d 136, 460 P.2d 277 (1969).

The judgment of the trial court is affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.

Petition for rehearing denied September 23, 1970.

Review denied by Supreme Court October 22, 1970.