## Commonwealth v. Pelegrin

*Walter G. Stanton*, for Commonwealth.

*Richard L. Campbell* of *Miller, Kistler & Campbell*, for defendant.

CAMPBELL, P. J., September 1, 1971.—Defendant was driving west on Interstate 80 in a Volkswagen with Vermont registration. He was stopped by a State

Trooper because of a waving split right-rear fender. After taking care of the equipment violation, a discussion, general in nature, took place between defendant and the trooper. The trooper observed an attitude of uneasiness and nervousness evidenced by defendant's quivering stomach. The following colloquy took place:

"Trooper: You are not carrying drugs, are you?

"Defendant: No.

"Trooper: Will you sign voluntarily a consent to search the car?

"Defendant: No.

"Trooper: Why not?

"Defendant: Because I have marihuana in the car.

"Trooper: Well, you might as well get it out."

Defendant reached in the left-door pocket, pulled out a blue plastic packet containing a small amount of marihuana and handed it to the trooper. The trooper then gave the Miranda warnings to defendant and opened the packet. Defendant has before us a motion to suppress, which we feel obliged to grant.

The initial conversation between the trooper and defendant represents an "on-the-scene" investigatory situation to which we believe the Miranda warnings do not apply. We believe that police should not be hampered in their function of investigating crime and that "on-the-scene" questioning as to facts surrounding a crime or other general questioning of citizens in the initial factfinding process are not intended to be affected by the Miranda decision.

We do not believe that a motorist who has been stopped and arrested for a minor motor vehicle offense, and who is there questioned regarding other possible criminal offenses because of the then existing particular suspect circumstances, is subjected to custodial interrogation giving rise to the requirement of the Miranda warnings.

If the investigation then leads to probable cause that

536

the person has committed a specific offense, the Miranda warnings thereafter must be given. While we find no Pennsylvania cases on all fours, we have adopted the rationale and holdings of People v. Ricketson, 129 Ill. App. 2d 365, 264 N.E. 2d 220 (1970), and State v. Gray, 3 W. App. 146, 473 P.2d 189 (1970). Applying the above rationale to the instant case, we believe the police officer went one question too far. After defendant had admitted that he had marihuana in the car, the trooper then should have given the Miranda warnings. At this point, the trooper had probable cause to believe that defendant had committed a crime and no one would reasonably expect that the police officer would thereafter allow defendant to leave his presence. Later activity and interrogation becomes custodial in nature and defendant must be warned of his rights. After he has been handed the packet of marihuana, it was too late and this bit of evidence should, therefore, be suppressed.

We enter the following order:

And now, September 1, 1971, defendant's motion to suppress is granted.