[No. 1789-3.   Division Three.   April 21, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD
ERMAN BECKSTROM, *Appellant.*

Act of Washington. *Chapman v. Rudd Paint & Varnish Co.,* 409 F.2d 635 (9th
Cir. 1969).

*Richard L. Cease, Public Defender,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Gregory G. Staeheli, Deputy,* for respondent.

GREEN, J.—Defendant appeals from a conviction of delivery of a controlled substance, marijuana.

The sole issue presented is whether a question by the prosecutor during cross–examination of defendant and a later comment during closing argument are unconstitutional invasions of defendant's right to remain silent and violate due process. We affirm.

The State's only witness, and undercover narcotics officer of the Spokane Police Department, testified in substance that on April 30, 1974, he entered defendant's apartment and purchased a quantity of marijuana from him. Defendant admitted that the undercover officer was in his apartment, but testified that Don Monasco owned, sold and delivered the marijuana to the officer. Further, defendant stated that he made reasonable efforts to find Mr. Monasco for the purpose of testifying, but had been unable to locate him. Defendant's wife, Melody Beckstrom, and his friend, Michael Curran, were present at the time of the delivery and confirmed defendant's testimony.

During cross–examination of defendant, the following exchange took place:

Q  When did you ask the Police Department to locate Mr. Monasco?
A  I never requested the Police Department to locate anybody.
Q  Why didn't you ask the Police Department to help locate Mr. Monasco?
    MR. POWELL: I object to that question.
    THE COURT: Overruled. Excuse me, I will sustain that objection.

The closing arguments to the jury were not recorded, but the trial court, in denying a motion for new trial, recalled the above testimony as well as the argument in its memorandum opinion, as follows:

Defendant Beckstrom has moved for new trial based upon his claim that the deputy prosecutor committed prejudicial error by *cross–examining defendant as to why he did not come forth earlier with his version of the incident,* i.e., that it was another person present in the apartment who actually made the delivery of the controlled substance. Although no record of the argument was made, it is my recollection *that the prosecutor made a similar comment during his argument to the jury.* I do not recall an objection by defense counsel during argument.

(Italics ours.) For purposes of this appeal, the trial judge prepared a supplemental statement of facts (included in the clerk's papers) which stated the recollection contained in the memorandum opinion:

[I]t is the recollection of the . . . [trial judge] that the deputy prosecutor in his closing argument criticized the defense for not coming forth earlier with the contention that it was one Don Monasco who actually delivered the drugs. There was no objection made by defense counsel.

■ Defendant contends that the question and closing argument were invasions of his constitutional right to silence under *Doyle v. Ohio,* 426 U.S. 610, 49 L. Ed. 2d 91, 96 S. Ct. 2240 (1976). In *Doyle,* the defendant was vigorously questioned as to why he had not told his frame–up story to the officers at the time of his arrest instead of revealing it for the first time at trial. In holding that such inquiry was error, the court said, at pages 617–18:

Despite the importance of cross–examination, we have concluded that the *Miranda* decision compels rejection of the State's position. The warnings mandated by that case . . . require that a person taken into custody be advised immediately that he has the right to remain silent, that anything he says may be used against him, . . . Silence in the wake of these warnings may be nothing more than the arrestee's exercise of these *Miranda* rights. Thus,

every post–arrest silence is insolubly ambiguous because of what the State is required to advise the person arrested. . . . Moreover, while it is true that the *Miranda* warnings contain no express assurance that silence will carry no penalty, such assurance is implicit to any person who receives the warnings. In such circumstances, it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial.

(Footnotes omitted.) However, in *Doyle* the court failed to reach the issue of whether general pretrial silence is constitutionally protected, stating at page 616 n.6:

Petitioners also claim constitutional error because each of them was cross–examined by the prosecutor as to why he had not told the exculpatory story at the preliminary hearing or any other time prior to the trials. In addition, error of constitutional dimension is asserted because each petitioner was cross–examined as to post–arrest, preliminary hearing, and general pretrial silence when he testified as a *defense witness* at the other petitioner's trial. These averments of error present different considerations from those implicated by cross–examining petitioners as defendants as to their silence after receiving *Miranda* warnings at the time of arrest. In view of our disposition of this case we find it unnecessary to reach these additional issues.

First, we find no error with respect to the attempted cross–examination which followed testimony by defendant of his efforts to locate Don Monasco. The cross–examination only sought to establish that perhaps the defendant did not make a good–faith effort to find Mr. Monasco. *Doyle* does not apply because the questions here do not attack defendant's failure to reveal his story to the police at the time of arrest; but rather, relate to conduct occurring after defendant's release from custody, after he was represented by counsel, and during preparation for trial.

■ Also, we do not find merit to the error assigned to the closing argument. The argument was not recorded or transcribed. It has been held that alleged error cannot be

considered where the remarks are not found in the statement of facts (record of proceedings) and the argument is not taken down stenographically or otherwise. *State v. Gilcrease,* 63 Wn.2d 731, 388 P.2d 962 (1964); *State v. Kritzer,* 21 Wn.2d 710, 152 P.2d 967 (1944). Notwithstanding, we are asked to review the error based upon the trial court's stated recollection of the argument. This we will not do.

It is apparent from the court's memorandum opinion that defense counsel was mistaken in his recollection of the cross-examination when he claims prejudicial error "by cross-examining defendant as to why he did not come forth earlier with his version of the incident." The record quoted above reveals only an inquiry as to why defendant did not ask for the police to help him locate Mr. Monasco. Apparently premised on defense counsel's mistaken recollection, the trial court's memorandum opinion states, "that the prosecutor made a similar comment during his argument to the jury."

In view of this state of the record, it is unclear as to exactly what was said. In effect, we are requested to speculate as to the precise closing argument made by the prosecutor and to infer therefrom that the argument was prejudicial without having any of the argument before us. In these circumstances, the record is insufficient to permit a review of the issue raised by defendant with respect to the closing argument in light of the limited holding in *Doyle.*

Affirmed.

MUNSON, C.J., and MCINTURFF, J., concur.

Petition for rehearing denied June 2, 1977.

Review denied by Supreme Court November 18, 1977.