[No. 16210. Department One. April 18, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v. CHARLES DALE, *Appellant*.[1]

CRIMINAL LAW (12)—INTOXICATING LIQUORS (29)—TRANSPORTATION—ATTEMPTS. Under Rem. Code, § 2253, defining misdemeanor as a crime, and Rem. Code, § 2264, providing that "an act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime", one attempting to transport intoxicating liquors without the permit required by statute would be guilty of a crime.

CRIMINAL LAW (143, 460)—EVIDENCE—PRIOR CONVICTIONS. In a prosecution for violation of the state liquor laws, in which defendant was charged with prior conviction for violation of the law, a certified copy of the justice's docket reciting that defendant was charged with having committed the offense of violation of the liquor laws by having in his possession liquor with intent unlawfully to dispose of same, to which charge he pleaded guilty, was sufficient as proof of prior conviction.

INTOXICATING LIQUORS (51) — INSTRUCTIONS — IRRELEVANT REFERENCES. In a prosecution for violation of the intoxicating liquor laws, the fact that the court in instructing the jury read not only the sections of the statute relating to the transportation of liquor by an

[1]Reported in 197 Pac. 645.

individual without a permit, but read also the section applicable to transportation by common carriers, was not reversible error, since the irrelevant reference to transportation by common carriers was nothing more than an abstract proposition, which was not prejudicial to defendant.

SAME (51)—INSTRUCTIONS—FORMER CONVICTIONS. In a prosecution of defendant charged with three prior convictions for violation of the state liquor laws, in which the court had instructed the jury that, in order to find defendant guilty, they must find that he had theretofore been three times convicted of violating the law, an additional instruction, given upon a request by the jury as to "what relation the three former convictions had in this case", was not erroneous in charging them that the three former convictions referred to related only to the penalty to be imposed by the court in case of a verdict of guilty and that the jury had nothing to do with the penalty imposed; since it was not open to the objection that it took from the jury the question whether defendant had been three times previously convicted.

Appeal from a judgment of the superior court for Spokane county, Hurn, J., entered July 1, 1920, upon a trial and conviction of illegal transportation of liquor. Affirmed.

*W. C. Donovan,* for appellant.

*Joseph B. Lindsley* and *H. G. Kinzel,* for respondent.

FULLERTON, J.—The appellant, Dale, was convicted of violating the laws relating to intoxicating liquors. The cause originated in a justice's court in Spokane county. The charge against him, as contained in the complaint filed before the justice of the peace, omitting certain of the formal parts, is as follows:

"That on or about the 25th day of May, A. D. 1918, in the county of Spokane, state of Washington, the said defendant, Charles Dale, then and there being, did then and there wilfully and unlawfully carry and transport intoxicating liquor, to-wit, whiskey, without having attached thereto or to the package or parcel containing the same, a permit for the transportation of in-

toxicating liquor issued by the county auditor of Spokane county, Washington, or by the auditor of any county in the said state of Washington, as required by law; that defendant has heretofore been convicted three times of violating Chapter 2 of the 1915 Session Laws, first, by reason of his having been convicted by his plea of guilty on the 29th day of March, 1918, of the crime of having intoxicating liquor in his possession, with the intent to unlawfully dispose of the same, on the 20th day of March, 1918, in and before G. W. Stocker, an acting justice of the peace in and for Spokane precinct, Spokane county, Washington, said conviction upon said plea of guilty thereto having been taken and entered and judgment therein having been passed at and on the 29th day of March, 1918; second, by reason of his having been convicted by his plea of guilty on the 29th day of April, 1918, of the crime of attempting to transport intoxicating liquor without having a lawful permit attached, on the 5th day of March, 1918, in the superior court of Adams county, Washington, said conviction, upon said plea of guilty thereto, having been taken and entered and judgment therein having been passed at and on the 29th day of April, 1918; and third, by reason of his having been convicted by his plea of guilty on the 29th day of April, 1918, by possession of an unlawful quantity of intoxicating liquor, on the 5th day of March, 1918, in the superior court of Adams county, Washington, said conviction upon said plea of guilty thereto having been passed at and on the 29th day of April, 1918.''

From a judgment of conviction entered in the justice's court, Dale appealed to the superior court of Spokane county, where he was again convicted. From that judgment, he appealed to this court, where the judgment was reversed for errors in the court's instructions to the jury. *State v. Dale,* 110 Wash. 181, 188 Pac. 473. The present appeal is from a judgment of conviction entered by the superior court after the remand of cause by this court.

Grouping the assignments of error as the appellant has grouped them, the first to be noticed is the assignment that, the court erred in submitting to the jury the question whether the defendant had been theretofore thrice convicted under the statutes relating to traffic in intoxicating liquors. The proofs consisted of certified copies of two certain judgments rendered against him in the superior court of Adams county, and a certified copy of a judgment rendered against him in a court of the justice of the peace of Spokane county. One of the judgments of the superior court was a judgment finding him guilty of the crime of "attempting to transport intoxicating liquor," and it is contended that the statute creates no such crime. Cases are cited from other jurisdictions which maintain the principle that the doctrine of attempt applies only where the crime is a felony; whereas the offense of transporting intoxicating liquor without the requisite permit is, in this state, a misdemeanor. These cases we shall not review. They were decided under statutes differing essentially from our own, and a discussion of them would in no way be instructive.

Our statutes defining crimes (Rem. Code, § 2253), read as follows:

"A crime is an act or omission forbidden by law and punishable upon conviction by death, imprisonment, fine, or other penal discipline. Every crime which may be punished by death or by imprisonment in the state penitentiary is a felony. Every crime punishable by a fine of not more than two hundred and fifty dollars, or by imprisonment in a county jail for not more than ninety days, is a misdemeanor. Every other crime is a gross misdemeanor."

The statute further provides (§ 2264, Id.):

"An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to

commit that crime; and every person who attempts to commit a crime, unless otherwise prescribed by statute, shall be punished as follows: . . .''

It is manifest that the framers of the statute, in the first of the quoted sections, used the word ''crime'' as embracing felonies, misdemeanors and gross misdemeanors. It is manifest also that they used the same word in the second of the cited sections in the same sense, so that, if there can be such a thing as attempting to transport intoxicating liquors without a permit, · a person guilty of the attempt may be convicted thereof. But it is said there can be no attempt to transport such liquors without actually transporting them. With this we cannot agree. It would seem that there could be many instances where there was an attempt to transport without actual transportation. A single illustration will be sufficient. Let us suppose that a person has intoxicating liquor in his possession and control; that it is of such quantity and bulk that he cannot transport it with its containers by his own efforts; that he employs others with proper appliances and conveyances to assist him, and they are intercepted while preparing for its transportation, but before any actual movement of the liquor takes place. Could it be said that there is not in such a case an attempt to transport the liquor? It seems to us otherwise. And this is as far as we are permitted to inquire. The judgment itself imports verity, and unless it can be said that under no circumstances or conditions could there be such an offense, can it be said that the judgment is void or is otherwise without support.

The proof of the conviction in the justice's court is a certified copy of the justice's docket relating to the cause. It is contended that it does not show the crime for which the defendant was convicted. The record re-

cites the defendant was charged with having "committed the offense of violation of the liquor laws; viz, having in his possession with the intent to unlawfully dispose of the same," and further shows that when he was put upon trial for the offense he pleaded guilty thereto; that a witness was then sworn, and that upon the plea of guilty and upon the evidence he was adjudged guilty and sentenced to pay a fine and to confinement in the county jail for a stated number of days. We think this sufficiently shows that the offense for which the defendant was there convicted was an offense against the acts relating to traffic in intoxicating liquors. It remained to be shown, of course, that the defendant therein named was the person on trial in the present action, but no question is made as to the sufficiency of proofs as to this fact.

Criticism is made of the instructions given by the court to the jury. In the main these stated the issues and the law applicable thereto fully and fairly. In the course of the instructions, however, the court read to the jury certain sections of the statute relating to the transportation of intoxicating liquors without a permit, and, among those so read, read the section applicable to transportation by common carriers and persons engaged in the business of transporting goods, wares and merchandise for hire. This section was without application to facts shown by the evidence, and it is insisted that its reading constituted reversible error. But it is difficult to understand how the instruction could in any manner have been prejudicial to the appellant. There was no evidence, nor any contention on the part of the state, that the appellant transported the liquors as a common carrier, and the injection of the statute in the instructions must have tended towards the appellant's benefit rather than towards his

injury. In other words, the instruction, if it could be considered as applicable at all, carried the inference that the state, in order to establish the guilt of the defendant, was required not only to prove that the appellant transported the liquors without the statutory permit, but was also required to prove that he carried them as a common carrier of goods, wares or merchandise. This, it is easy to see, might have prejudiced the case of the state, but clearly it could in no way have prejudiced the defendant.

It is undoubtedly true, as the appellant argues, that the general rule is that a defendant, when prosecuted for crime, has a right to have the cause submitted to the jury upon correct instructions applicable to the cause; and that it is a general rule also that erroneous instructions are presumed to be prejudicial. But there was here no erroneous instruction in the sense that the court misstated any principle of the law. The most that can be claimed is that he gave an abstract instruction having no bearing upon the evidence. Such instructions are not reversible error unless prejudicial to the party complaining. As we said in *State v. Manderville,* 37 Wash. 365, 79 Pac. 977:

"Where an error is made which violates a constitutional provision, the judgment in a criminal case will ordinarily be reversed without a showing that said error did prejudice the rights of the defendant, unless the facts and circumstances be such that it affirmatively appears that such defendant was not, and could not have been, injured thereby. In the latter case, the object of the constitutional inhibition is nevertheless attained, the result provided against has not been produced, and the reason for such restriction in that given instance ceases to obtain. The object of constitutional limitations of the character involved, as well as of all rules of law applicable to cases of this kind, is to secure to a defendant a fair, impartial trial, where sub-

stantial justice to both the defendant and the state shall be meted out, as nearly as may be possible. Important considerations of public policy require that judgments of trial courts, in such cases as this, should not be overturned on account of errors which the record affirmatively shows to have been harmless."

And again:

"Because a certain instruction taken by itself is insufficient, defective, or not properly qualified, it does not necessarily follow that a case should be reversed. If the instructions, taken as a whole, fairly and fully present the law applicable to the matter in question, in such a manner as to make it clearly comprehensible to the jury, this is all that is required."

See, also, the opinion of the majority and the dissenting opinion of the former appeal, 110 Wash. 181.

After the jury had retired to the jury room at the close of the trial, and had proceeded for some time with their deliberations, they requested further instructions. They were brought into court when the following occurred:

"Mr. Kirby, (a juror): Some of the jury are not clear as to what relation the three former convictions had in this case.

"The Court: The three former convictions alleged in the complaint and referred to in the instructions— if you find from the evidence in the case and beyond a reasonable doubt that the state has established all the essential elements set forth in instruction No. 4— refer only to the penalty to be imposed by the court in case of a verdict of guilty, and you are instructed that you have nothing to do with the penalty to be imposed in case of a verdict of guilty, and that punishment may follow from a conviction is only to be considered by you in making you more cautious."

It is objected that the instruction here given has the vice of the instruction on which the cause was reversed on the former appeal; namely, that it tells the jury

that the fact of former conviction has nothing to do with the guilt or innocence of the defendant of the crime charged. But we think it manifest that it does not bear this interpretation. Instruction numbered 4, to which the court referred, expressly tells the jury that before they could find the defendant guilty of the crime charged in the complaint, they must find beyond a reasonable doubt:

"Third: That the defendant has heretofore been three times convicted of violating the laws of this state in relation to intoxicating liquors passed in 1915;"

and if they failed to so find, "the defendant would not be guilty of the offense charged in the complaint."

Manifestly, the supplemental instruction in no way limited or modified the instruction earlier given, and much less did it, to quote from the appellant's brief, "take from the jury the deciding of the question of whether or not the defendant had been previously three times convicted, as charged in the complaint."

The judgment is affirmed.

PARKER, C. J., HOLCOMB, BRIDGES, and MACKINTOSH, JJ., concur.