[No. 38997.    Department Two.    January 18, 1968.]

THE STATE OF WASHINGTON, *Respondent*, v. HAROLD F. BREWER, *Appellant*.*

*Reported in 436 P.2d 473.

*Johnson & Dixon*, by *George W. Dixon* for appellant (appointed counsel for appeal).

*Harold F. Brewer*, pro se.

*Ronald L. Hendry, Eugene G. Olson,* and *Joseph D. Mladinov,* for respondent.

HAMILTON, J.—Defendant was convicted of the crime of second degree assault and, following a second stage determination under the habitual criminal statute, was sentenced to life imprisonment. He appeals.

Counsel appointed to represent the defendant upon his appeal makes four assignments of error, two directed to the primary trial and two pertaining to the habitual criminal hearing. Defendant, representing himself by supplemental

brief, makes 23 additional assignments of error. Although we have scrutinized the record with an eye upon all assignments of error, we will discuss only those which appear to have some supportive basis in the record.

Defendant's counsel first asserts that defendant was denied a speedy trial upon the charge out of which his conviction arose.

The circumstances giving rise to this challenge are as follows: On June 21, 1965, defendant was charged, by justice court complaint, with the offense of attempted robbery of Bud Abraham's Chevron Service Station. A preliminary hearing before the justice of the peace, sitting as a committing magistrate, was set for July 8, 1965. Meanwhile, a second complaint charging defendant with the crime of robbery of a grocery store was filed with the same justice of the peace sitting again as a committing magistrate. Following this, the first complaint was, with approval of the justice court, dismissed upon motion of the prosecuting attorney pursuant to RCW 10.46.090.[1] Before the scheduled preliminary hearing of July 8, 1965, was held, and on July 1, 1965, the prosecuting attorney removed the second charge to the superior court by filing an information in that court. Defendant was then duly arraigned. Counsel was appointed to represent him, a plea of not guilty was entered and trial set for November 3, 1965. On the day appointed for trial the prosecuting attorney moved to dismiss the pending charge upon the ground that another person had been identified as the robber of the grocery store. Defendant's counsel then moved for the defendant's release, whereupon the prosecuting attorney immediately refiled, by way of information, the attempted robbery charge. Arraignment followed and trial was set for December 27, 1965. The trial was commenced on the day scheduled, but

---

[1] "The court may, either upon its own motion or upon application of the prosecuting attorney, and in furtherance of justice, order any criminal prosecution to be dismissed; but in such case the reason of the dismissal must be set forth in the order, which must be entered upon the record. No prosecuting attorney shall hereafter discontinue or abandon a prosecution except as provided in this section." RCW 10.46.090.

on defendant's motion a mistrial was declared when one of the jurors became ill. The cause then came on for trial on February 9, 1966. During trial the trial court withdrew from the jury's consideration the attempted robbery charge and submitted the lesser included offenses of assault in the second and/or third degree. The jury found defendant guilty of assault in the second degree.

Defendant points to the time lapse between the initial filing of the attempted robbery charge in justice court and his trial in superior court and asserts that this, coupled with the procedure followed by the prosecuting attorney in first dismissing then reinstating the charge, violated his right to a speedy trial as guaranteed by Const. art. 1, § 22 (amendment 10), the sixth amendment to the United States Constitution, as made applicable to the state through the Fourteenth Amendment,[2] and the 60-day rule laid down by RCW 10.46.010.[3]

We cannot agree.

In *State v. Alter*, 67 Wn.2d 111, 406 P.2d 765 (1965), we had occasion to comment upon the relationship of RCW 10.46.010 to the constitutional requirements of a speedy trial, and to outline the considerations going into the determination of whether the right to a speedy trial had been infringed upon. We stated at 119:

> Const. art. 1, § 22 (amendment 10) provides that, "In criminal prosecutions the accused shall have the right . . . to have a speedy public trial . . . ." This constitutional requirement for a speedy trial for an accused is implemented by RCW 10.46.010, the "60-day" statute requiring trial of defendant within 60 days after indictment is found or the information filed unless good cause is shown for a delay. . . .
> . . . .

---

[2] *Klopfer v. North Carolina*, 386 U. S. 213, 18 L. Ed. 2d 1, 87 Sup. Ct. 988 (1967).

[3] "If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown." RCW 10.46.010.

Our statute was enacted for the purpose of enforcing the constitutional right to a speedy trial. Although our statute sets a limitation of 60 days as an arbitrary measure to determine a speedy trial, yet whether a "trial has been 'speedy' is a matter which depends upon relative values and the circumstances of each case must be examined to determine whether the constitutional right has been protected." 5 Wharton, Criminal Law and Procedure § 1912 note 2, (Supp. 1964).

. . . .

It has been suggested that "Four factors are relevant to a consideration of whether denial of a speedy trial assumes due process proportions: the length of delay, the reason for the delay, the prejudice to defendant, and waiver by the defendant." *United States v. Fay,* 313 F.2d 620 (2d Cir. 1963).

. . . .

. . . . "The delay must not be purposeful or oppressive." *Pollard v. United States,* 352 U. S. 354, 1 L. Ed. 2d 393, 77 Sup. Ct. 481 (1957). There must not be "arbitrary, oppressive or vexatious delay which . . . [is] prejudicial" *Chinn v. United States,* 228 F.2d 151, 153 (4th Cir. 1955). (Footnote omitted.)

Although it was not mentioned in the foregoing decision, it is pertinent to observe in passing that RCW 10.43.010 provides, with respect to cases dismissed under the "60-day" rule (RCW 10.46.010) as well as under RCW 10.46.090, the statute under which the attempted robbery charge was first dismissed in the instant case, that:

An order dismissing a prosecution under the provisions of RCW 10.37.020, *10.46.010,* and *10.46.090* shall bar another prosecution for a misdemeanor or gross misdemeanor where the prosecution dismissed charged the same misdemeanor or gross misdemeanor; *but in no other case shall such order of dismissal bar another prosecution.* (Italics ours.)

█ Thus, it is clear that when the legislature enacted the "60-day" rule, it did not conceive nor contemplate that the limitation so established should become an inflexible yardstick by which the constitutional guarantees to a speedy trial of felony charges would be measured. *Cf., State v. Moore,* 60 Wn.2d 144, 372 P. 2d 536 (1962); *State v.*

*Silver*, 152 Wash. 686, 279 Pac. 82 (1929). By the same token, it would appear to reasonably follow that delay in the revival of a felony charge dismissed under RCW 10.46.090, short of the statute of limitations and absent conditions indicating a total and binding abandonment of the prosecution, is to be measured by constitutional standards of "speedy trial" rather than an arbitrary application of the "60-day" rule. *Cf., State v. Satterlee*, 58 Wn.2d 92, 361 P.2d 168 (1961). In this respect, we commented in the *Satterlee* case, at 94:

> Count II (the March 1 robbery) of the new information is indentical with the one which was dismissed in 1959, and presents quite a different situation. There is no conceivable reason in law why the dismissed robbery count should not be revived in a new information, the statute of limitations not having run on the offense. *State v. Stacy* (1953), 43 Wn. (2d) 358, 261 P. (2d) 400. Neither can there be any question of the right of the superior court to dismiss it, if the prosecutor's reason or motive for reviving it offends against that "fastidious regard for the honor of the administration of justice." We said in *State v. Silver* (1929), 152 Wash. 686, 694, 279 Pac. 82,
>
> ". . . that one of the duties of the courts is to see that a person charged with crime is fairly treated; that if the court, in the exercise of its discretion, thinks that a trial should not be had on a second or subsequent information, it is entirely within its power so to order and in this way overcome the evil of subsequently delayed prosecution. . . ."

■ We turn then to an application of the constitutional standards mentioned in *State v. Alter*, 67 Wn.2d 111, 406 P.2d 765 (1965). In this regard, we are satisfied that the instant record does not reveal such an arbitrary, oppressive, vexatious or prejudicial delay in prosecuting the attempted robbery charge as would offend against the "fastidious regard for the honor of the administration of justice" or otherwise constitute such a denial of the constitutional requirements of a speedy trial as would warrant or compel a vacation of the judgment and a dismissal of the charge. The circumstances, to be sure, were unusual in that the attempted robbery charge was first dismissed when it

appeared that defendant was implicated in the more serious charge of a consummated robbery, and then revived when it appeared that he was not so implicated. The revival, however, followed immediately upon the heels of the dismissal of the robbery charge, which tends to belie any contention that the prosecution earlier intended a total abandonment of the charge. The matter was then set for trial promptly. Completion of the scheduled trial was interrupted by the illness of a juror and the granting of defendant's motion for mistrial; but, again, the cause was rescheduled for trial as promptly as the trial calendar permitted. It is not convincingly asserted that defendant suffered any discernible prejudice through the loss of any evidence or the testimony of any identifiable witness as a result of the delay. Neither are we persuaded, from the contentions of the defendant, that the dismissal and revival, with its resultant delay, was a deliberate, tactical, and oppressive scheme upon the part of the prosecuting authorities to unreasonably and unnecessarily subvert defendant's right to a fair disposition of the charge. As heretofore indicated, we find no substantial merit in this assignment of error.

Defendant, through his counsel, assigns error to the admission into evidence of exhibit No. 5, during the habitual criminal proceeding. Exhibit No. 5 consists primarily of nonjudicial records of the California Department of Corrections containing, among other documents, the fingerprints of the defendant for purposes of identifying him as the person named in a California judgment of conviction for robbery (Exhibit No. 2). Exhibit No. 2, the judicial record, was and is in all respects properly certified. Defendant's objection and assignment of error directed to exhibit No. 5 is based upon the fact that a deputy court clerk, rather than the chief clerk, certified the signature of the presiding judge, who in turn authenticated the attestation of the Director and Acting Chief Records Officer, respectively, of the California Department of Corrections.

We need not pass upon the validity of the deputy clerk's certification, for defendant's contention overlooks the fact that the attestations of the officers of the pertinent

Department of Corrections were also certified by the Secretary of State of the State of California under the great seal of that state. This, by itself, constitutes sufficient authentication of the pertinent material contained in the exhibit. *State v. Johnson*, 194 Wash. 438, 78 P.2d 561 (1938). 28 U.S.C.A. 1739.

■ The next assignment of error posed by the defendant through his counsel relates to the refusal of the trial court to permit the defendant to address the jury in his own behalf at the conclusion of the evidence adduced in the habitual criminal proceeding. Where, as here, defendant was represented by counsel, and where, as here, the defense counsel is afforded full opportunity to argue to the jury, it is discretionary with the trial court as to whether the defendant will be permitted to make a separate and additional address to the jury. *State v. Aiken,* 72 Wn.2d 306, 434 P.2d 10 (1967); *People v. Richardson,* 4 N.Y.2d 224, 173 N.Y.S.2d 587, 149 N.E.2d 875 (1958), *cert. denied,* 357 U.S. 943, 2 L. Ed. 2d 1557, 78 Sup. Ct. 1395 (1958); 77 A.L.R.2d 1233, § 4b at 1246-49.

Defendant has not demonstrated any abuse of the trial court's discretion on this score, and we will presume none.

■ Defendant, by his supplemental brief, challenges the admissibility of evidence in his primary trial bearing upon his being identified in a preindictment lineup conducted in June, 1965, immediately after the alleged robbery attempt at the Bud Abraham's Chevron Service Station. He asserts this was error because he was not represented by counsel at the time of the lineup. We find no merit in this contention within the framework of *United States v. Wade,* 388 U.S. 218, 18 L. Ed. 2d 1149, 87 Sup. Ct. 1926 (1967); *Gilbert v. California,* 388 U.S. 263, 18 L. Ed. 2d 1178, 87 Sup. Ct. 1951 (1967), and *Stovall v. Denno,* 388 U.S. 293, 18 L. Ed. 2d 1199, 87 Sup. Ct. 1967 (1967).

Defendant next asserts that the trial court erred in admitting evidence of a prior conviction under 18 U.S.C.A. § 2312, the Dyer Act, relating to the transportation of stolen vehicles in interstate commerce. He contends there is no comparable offense under the laws of the state of Washing-

ton, and therefore such offense cannot be properly categorized as a previous conviction under the habitual criminal statute of this state. *Cf., State v. Roberts,* 151 Wash. 61, 275 Pac. 60 (1958); *Landreth v. Gladden,* 213 Ore. 205, 324 P.2d 475 (1958); and *People ex rel. Goodrich v. Martin,* 183 Misc. 790, 50 N.Y.S.2d 388, *aff'd,* 268 App. Div. 1077, 53 N.Y.S.2d 533 (1945).

We need not and do not reach the precise contention in this case, however, for the reason that the jury returned special interrogatories, under which it found that in addition to the alleged Dyer Act violation, defendant had been convicted of two other felonies—one in the state of Oregon and one in the state of California. Both of these convictions were for robbery, an offense which is clearly a felony in this state. These findings, together with his conviction of assault in the second degree, rendered him amenable to the enhanced sentence provided by RCW 9.92.090 regardless of the validity of the alleged Dyer Act conviction. *Cf., In re Mohr v. Smith,* 26 Wn.2d 188, 173 P.2d 141 (1946).

We find no substantive merit arising out of defendant's remaining assignments of error.

The judgment of the trial court is affirmed.

FINLEY, C. J., HILL, J., and SHORETT, J. Pro Tem., concur.

---

February 29, 1968. Petition for rehearing denied.