[No. 40345.    Department Two.    May 15, 1969.]

THE STATE OF WASHINGTON, *Respondent*, v. GILBERT DAVID McEVERS, *Appellant.*\*

*\*Reported in 454 P.2d 832.

*Jack E. Tanner,* for appellant (appointed counsel for appeal).

*Gilbert D. McEvers,* pro se.

*Ronald L. Hendry, Joseph D. Mladinov,* and *Eugene G. Olson,* for respondent.

HILL, J.—This is an appeal from a conviction of robbery. There is no contention that the evidence was not sufficient to sustain the conviction; indeed, it was little short of overwhelming. The basis of the appeal is the claimed violation of the appellant's constitutional rights: arrest without a warrant; unlawful search and seizure; confessions improperly obtained; denial of counsel at a critical period; and denial of a speedy trial.

Under the circumstances of this case all of these claims except the last (the denial of a speedy trial) seem to border on the frivolous. On the basis of the description of the robber, which had been placed on the air very shortly after the robbery[1] of a service station in Tacoma (Pierce County), the appellant was apprehended in the immediate neighborhood. He agreed to accompany the officers to the service station. There he was identified by the victim of the robbery and was then arrested. At the trial, the appellant was also identified as the robber by a man and his wife who had witnessed the robbery.

---

[1] It was reported as an "armed robbery"; it later developed that the "revolver" used by the robber was plastic.

Following the appellant's arrest, the Miranda warnings were given him at least twice and a card containing them was signed by him before he made any incriminating statements. Significantly, the appellant advised the officer, on the occasion of one of the warnings, that he (the appellant) probably knew his rights better than the officer.

The appellant's claims relative to the arrest, search and seizure,[2] and confessions were passed upon by the trial court at a CrR 101.20W hearing before trial and were found to be, and are, clearly devoid of any merit.

There remains for consideration the claim that the appellant was denied a speedy trial.

■ The Washington State Constitution (art. 1, § 22 (amendment 10)) and the sixth amendment to the United States Constitution provide that a defendant has a right to a speedy trial. Implementing our constitutional provision is a statute (RCW 10.46.010) which provides that unless a defendant is brought to trial within 60 days after an information is filed, the information shall be dismissed unless good cause is shown. This statute serves little purpose in felony cases since, after a dismissal, the state may immediately file a new information charging the same or a related offense.[3] *State v. Brewer,* 73 Wn.2d 58, 436 P.2d 473, *cert. denied,* 393 U.S. 970, 21 L. Ed. 2d 381, 89 S. Ct. 407 (1968); *State v. Unrein,* 60 Wn.2d 168, 372 P.2d 547 (1962); *State v. Moore,* 60 Wn.2d 144, 372 P.2d 536 (1962); *State ex rel. Repath v. Caldwell,* 9 Wash. 336, 37 P. 669 (1894). It does, however, indicate the idea of the legislature as to what constitutes a speedy trial.

The state—seeking to excuse a delay of more than 9 months (arrested June 9, 1967, trial began March 13, 1968)—points to certain extenuating circumstances.

---

[2]The plastic revolver and an envelope of pennies (the only cash secured in the robbery) were found in a broom closet in the Salvation Army building where the appellant had told the police he had cached them.

[3]RCW 10.43.010 provides that an order dismissing a prosecution under the provisions of RCW 10.46.010 shall not bar another prosecution except in misdemeanor or gross misdemeanor cases.

After being booked on June 9, the appellant, then suffering from a heart condition, was immediately taken to the Pierce County Hospital where he remained until June 13. A psychiatric examination followed and he was in and out of the Pierce County Hospital twice before an information was filed on July 17. (One hospitalization was from June 21 to July 13, more than 20 days.)

Appellant was released on bail on July 17 (bail of $3,000 was later reduced to $1,500). August 8, he was arrested in King County for shoplifting and public drunkenness. On September 5 his suspended sentence on a previous conviction was revoked and he was sentenced to 60 days in the King County jail. Ultimately he was returned to the Pierce County jail on October 7.

We are satisfied that up to that date the state's explanation for delay is entirely adequate. The following chronology explains any subsequent delay.

The appellant filed a petiton for a writ of habeas corpus in the Supreme Court on November 13, 1967. December 5, the state moved to dismiss the information which had been filed July 17, 1967, 4½ months earlier. The motion to dismiss was granted, and the same day the second information was filed charging the same offense. The next day (December 6), the appellant waived counsel as he desired to represent himself. He immediately filed a petition for a writ of habeas corpus in the Pierce County Superior Court.[4] Apparently the appellant was more interested in securing his release by habeas corpus than in a speedy trial. In any event, he made no request for a trial. On February 5, 1968, the second information was dismissed, it having been 60 days since it was filed; and the same day the third information was filed charging the same offense.

The state, somewhat self-righteously, points out that the appellant was tried within 60 days after the third information was filed, the trial beginning on March 13.

---

[4]He played no favorites, another application for a writ of habeas corpus also was made in the United States District Court on June 3, 1968.

38

About the only excuse for the more than 4-months delay (from October 7, 1967), is the appellant's failure to ask for a speedy trial and the fact that his applications for writs of habeas corpus in three different courts were occupying the attention of the prosecutor's staff. Each writ was denied.

■ Without giving the state an opportunity to explain such delays, we are unwilling to free those charged with crimes solely on the basis of what seem to be long delays in bringing them to trial. As an example, *see State. v. Wells,* 72 Wn.2d 492, 433 P.2d 869 (1967), *cert. denied,* 393 U.S. 869, 21 L. Ed. 2d 137, 89 S. Ct. 155 (1968), in which the delay in getting the defendant to trial was 18 months from the day the information was filed. *See also State v. Jestes,* 75 Wn.2d 47, 448 P.2d 917 (1968); *State v. Dunn,* 70 Wn.2d 572, 424 P.2d 897 (1967); *State v. Herr,* 70 Wn.2d 446, 423 P.2d 631 (1967); *State v. Alter,* 67 Wn.2d 111, 406 P.2d 765 (1965); *State v. Jesse,* 65 Wn.2d 510, 397 P.2d 1018, *cert. denied,* 382 U.S. 890, 15 L. Ed. 2d 149, 86 S. Ct. 184 (1965); *State v. Gilcrease,* 63 Wn.2d 731, 388 P.2d 962 (1964).

While the appellant here is not in the same class with *Wells* in asking for delays, there was nothing to indicate any desire on his part for a speedy trial.

Arguably, a defendant should not have to ask for a speedy trial and it should be accorded him as a matter of right, however, we refuse to turn a convicted felon loose because the state did not move expeditiously in bringing him to trial when neither he nor his counsel voiced any protest at such delay. *State v. Jestes,* 75 Wn.2d at 52; *State v. Green,* 70 Wn.2d 955, 961, 425 P.2d 913 (1967).

■ We pointed out in *State v. Alter, supra,* that the mere lapse of time is not sufficient to warrant the conclusion that there has been a denial of a speedy trial. We there set forth four factors which have been regarded as relevant in determining whether a delay constituted a denial of a speedy trial in the constitutional sense, *i.e.,* the length of the delay, the reason for the delay, the prejudice to the defendant, and the extent to which the defendant had waived the delay (*see United States v. Fay,* 313 F.2d 620 (2d Cir. 1963)).

The record here indicates that continued hospitalization and incarceration in the King County jail kept the appellant from being available for trial until October 7, 1967.

Thereafter, acting as his own counsel by choice, he busied himself in the prosecution of applications for writs of habeas corpus in three different courts, further justifying a delay of a trial on the merits.

■ We have said that "It is the duty of courts to give force and effect to the spirit of this constitutional guaranty" (the right to a speedy trial). But we also said, in the same case, that "it seems plain that what is a speedy trial must be determined in the light of the circumstances of each particular case." *State ex rel. Orcutt v. Simpson,* 125 Wash. 665, 666, 216 P. 874 (1923).

Finding no genuine efforts were made to secure a speedy trial, which would doubtless have been granted appellant had he requested it, and there having been a trial and a conviction with no prejudice shown in consequence of the delay, we conclude that there has been no denial of the appellant's constitutional right to a speedy trial in the present case.[5]

The judgment of conviction appealed from is affirmed.

HUNTER, C. J., ROSELLINI and HALE, JJ., and COLE, J. Pro Tem., concur.

---

June 25, 1969. Petition for rehearing denied.

---

[5]As indicated by the dissent in *State v. Wells,* 72 Wn.2d 492, 433 P.2d 869 (1967), patience with the frequent delays in bringing criminal cases to trial is wearing very thin. Nor should our acceptance of the relatively short time spent in the King County jail, as an excuse for delay in trying the appellant in Pierce County, be given too much emphasis as precedent. *See Smith v. Hooey,* 393 U.S. 374, 20 L. Ed. 2d 1384, 89 S. Ct. 107 (1968).