[No. 40723.    Department Two.    September 4, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. LAWRENCE GARMAN, *Appellant.**

*Reported in 458 P.2d 292.

638

[redacted]

*Edward H. McKinlay* (of *Horrigan, Sullivan & McKinlay*) for appellant (appointed counsel for appeal).

*C. J. Rabideau* and *Laurence S. Moore,* for respondent.

DONWORTH, J.†—On June 19, 1968 appellant Lawrence Garman was charged by information with the crime of *attempted grand* larceny in that on June 11, 1968 he willfully, unlawfully and feloniously

> did attempt, with intent to deprive or defraud the owner thereof, to take the property of another, said property having a value of more than $75.00, in that said Lawrence Garman did attempt to take property belonging to Charles Cory from a construction site at 800-900 Columbia Street, Pasco, Franklin County, Washington, . . .

On July 12, 1968 the trial court appointed counsel to represent appellant and on July 19, 1968 appellant pleaded not guilty to the charge contained in the information. At that time his counsel orally demanded upon the record a speedy jury trial. Thereafter, on August 23, 1968 appellant's case was set for trial on September 23rd. It was set as the third case to be heard during that jury term. The two cases receiving priority over appellant's cause involved charges filed before June 19th and in which the defendants were also awaiting trial in the county jail.

On August, 29, 1968 appellant filed a written motion for a dismissal of the information for the reason that he had not been brought to trial within 60 days of the filing of the information as required by RCW 10.46.010. This motion was

---

†Justice Donworth is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. 4, § 2(a) (amendment 38).

argued on August 30th and on September 16th the trial court entered an order denying it. The order contained the following findings which constituted the court's reasons for denying the motion.

(1) that defendant made oral demand for a speedy jury trial upon his plea of not guilty July 19, 1968; (2) that defendant's cause is now, and has been since August 23, 1968, set for jury trial September 23, 1968; (3) that no jury trials are set during the months of July and August in Franklin County but commence the third week in September each fall; (4) defendant's cause is on the docket No. 3 in the order of criminal trials, his cause being junior in time to those defendants set ahead of him, who are likewise held in the Franklin County jail; and, (5) that defendant's counsel herein likewise represents the two defendants whose causes are set September 16, 1968 and September 18, 1968; . . .

Subsequently, on September 23, 1968 appellant's case came on for trial. As a result thereof, on the following day the jury brought in a verdict of guilty of *attempted petit larceny.* Since no error is assigned concerning the proceedings at the trial, there is no need to discuss in detail the evidence admitted or any rulings of the trial court made during the course of the trial.

On September 26th the prosecuting attorney filed a supplemental information charging appellant with the status of an habitual criminal. On November 2, 1968 appellant was found guilty thereof. The trial court directed that he be punished by penal confinement for not less than 10 years nor more than 15 years. This matter will be discussed at some length later in this opinion since appellant's main assignments of error relate to issues arising in connection with the supplemental information and appellant's trial thereon.

Appellant's first assignment of error challenges the trial court's denial of his motion for a dismissal of the original information on the basis that he had not been brought to trial within 60 days of the filing of the information pursuant to RCW 10.46.010. In asserting that he is entitled to a dismissal of that information by this court, he

relies on a number of our prior decisions bearing on the application of the foregoing statute.

In analyzing our recent decisions in this area, appellant refers to *State v. Herr,* 70 Wn.2d 446, 423 P.2d 631 (1967) and *State v. Jestes,* 75 Wn.2d 47, 448 P.2d 917 (1968), and notes that in those cases we have found good cause for the defendants not having been tried within 60 days. However, appellant distinguishes those cases on the basis that in neither one was any demand for a speedy jury trial made within the 60-day period; whereas, in the present case such a demand was made at the time of arraignment, which took place within a week after the appointment of appellant's counsel. Thereafter, the trial date was set on August 23rd and the trial was held on the specified date, September 23, 1968.

In rebuttal, the state relies on *State v. Jesse,* 65 Wn.2d 510, 397 P.2d 1018 (1965) and *State v. McEvers,* 76 Wn.2d 34, 454 P.2d 832 (1969). In the former, it was held that the lack of a jury term in Pierce County during the months of July and August constituted "good cause" for not bringing defendant to trial within 60 days after the filing of the information. In that case the information was filed earlier than the one in the instant case and defendant was given the earliest possible trial date in September which was available. In *State v. McEvers, supra,* we once again approved the extension of the 60-day limit under the particular facts presented and said at 38:

> Arguably, a defendant should not have to ask for a speedy trial and it should be accorded him as a matter of right, however, we refuse to turn a convicted felon loose because the state did not move expeditiously in bringing him to trial when neither he nor his counsel voiced any protest at such delay.

Although appellant's counsel registered proper objection to the delay in this case, we think the general principle enunciated in *McEvers* still controls in those situations where a jury term is unavailable and appellant was given the earliest available trial date. *See also State v. Jenkins,* 19 Wn.2d 181, 187-88, 142 P.2d 236 (1943).

■   In *State v. Christensen,* 75 Wn.2d 678, 453 P.2d 644 (1969), this court, sitting en banc, affirmed the dismissal without prejudice of a felony information and stated at 686:

> We find in the record none of the four factors heretofore adopted by this court (*State v. Brewer,* 73 Wn.2d 58, 436 P.2d 473 (1968)), and by the Supreme Court of the United States upon which a denial of the constitutional right to a speedy trial can be said to depend: *i.e.,* (1) a delay of such length alone as to amount to a denial of the right to a speedy trial; (2) prejudice to the defense arising from the delay; (3) a purposeful delay designed by the state to oppress the defendant; or (4) long and undue imprisonment in jail awaiting trial.

*See also State v. McEvers, supra; State v. Alter,* 67 Wn.2d 111, 406 P.2d 765 (1965).

Furthermore, in *State v. Brewer,* 73 Wn.2d 58, 436 P.2d 473 (1968), in discussing a question involving the inflexibility of the 60-day rule, we said at 62-63:

> Thus, it is clear that when the legislature enacted the "60-day" rule, *it did not conceive nor contemplate that the limitation so established should become an inflexible yardstick* by which the constitutional guarantees to a speedy trial of felony charges would be measured. *Cf., State v. Moore,* 60 Wn.2d 144, 372 P.2d 536 (1962); *State v. Silver,* 152 Wash. 686, 279 Pac. 82 (1929).

(Italics ours.)

In summary, our thorough review of the record shows that there was no jury term in July or August in Franklin County, and appellant was given the first available date on the criminal docket in September. The only cases preceding his on the docket involved the services of appellant's counsel. Therefore, in our opinion, there was good cause for delay.

In addition, appellant has shown no prejudice resulting to him from the delay in the instant case. His incarceration prior to trial is the only matter of which he complains. None of the four factors quoted above from *Christensen,*

upon which a constitutional right to a speedy trial can be said to depend, appear in this case.

Therefore, we hold that the trial court did not abuse its discretion in refusing to dismiss the information on either constitutional (Const. art. 1, § 22 (amendment 10)) or statutory grounds because of the delay in holding appellant's trial after the expiration of the 60-day period.

The remaining assignments of error spring from the later proceedings concerning the habitual criminal charges contained in the supplemental information filed on September 26, 1968. In that information, appellant was charged with being an habitual criminal in that he was a person:

who stands convicted herein in this State of a crime of which fraud or intent to defraud is an element and who has previously been twice convicted of a crime which under the laws of this State amount to a felony, to-wit: Said Lawrence Garman has previously been convicted as follows:

(1) On or about the 3rd day of September, 1938, of the crime of Burglary in the Second Degree in the State of Utah;

(2) On or about the 21st day of February, 1951, of the crime of Grand Larceny in the State of Washington;

(3) On or about the 7th day of July, 1955, of the crime of Forgery in the First Degree in the State of Washington;

(4) On or about the 22nd day of October, 1959, of the crime of Grand Larceny in the State of Washington;

(5) On or about the 14th day of June, 1961, of the crime of Grand Larceny in the State of Washington;

and by virtue of the statute of the State of Washington in such cases made and provided (RCW 9.92.090) should be punished herein as an habitual criminal by imprisonment for life.

The matter came on for hearing on October 30, 1968. Appellant, appearing in person with counsel, pleaded not guilty, waived a jury trial, and consented that the issues be tried by the court. He also admitted that he was the person named in the five record convictions referred to in the supplemental complaint.

On November 2, 1968 the trial court entered findings of

fact and conclusions of law in the habitual criminal proceedings. Pursuant thereto, exactly 1 month later, he was sentenced as an habitual criminal to confinement in a state penal institution for a period of not less than 10 years nor more than 15 years. He has appealed from this judgment and sentence entered in the foregoing proceedings.

Before discussing further the assignments of error revolving around the propriety of the habitual criminal proceedings, we wish to refer to the state's evidence relating to the nature of the attempted gross misdemeanor of which appellant was convicted.

The testimony of an eyewitness, a janitor at Grigg's Department Store in Pasco, was, in substance, that at about 11:15 p.m. on June 11, 1968 he went out into the Grigg's parking lot to shake some rugs and saw appellant loading some merchandise on a truck. This consisted of two pipe cutters and a pipe vise which were temporarily stored in the parking lot. This equipment belonged to the Grinnell Company which was then engaged in installing a sprinkling system in the store.

After watching appellant for a few minutes, the janitor "hollered" to him and his two companions to take off all the "stuff" that they had put on the truck that did not belong to them. The witness then ran back into the store and telephoned the police. When he returned, appellant and his companions were driving away from the parking lot and appellant, as he left, stated to the witness that everything that he had put on the truck had been taken off.

Concerning the value of the equipment that appellant had originally put on the truck, the testimony was somewhat unsatisfactory. However, we need not discuss it in this opinion in view of the jury's verdict. The trial court instructed the jury that if the property involved was of the value of more than $75, the stealing thereof would be grand larceny. If the value of the property was less than $75, the jury was instructed that the larceny would be petit larceny. The trial court submitted to the jury a form of verdict which gave the jurors three possible verdicts:

(1) guilty of attempted grand larceny, (2) guilty of attempted petit larceny, and (3) not guilty of either offense. Since the jury found appellant guilty of *attempted* petit larceny, they must have determined the value of the equipment to be less than $75.

Prior to the imposition of sentence on the foregoing verdict, the supplemental information charging an habitual criminal status was filed. Therein, appellant was allegedly charged with five prior felony convictions, one in Utah and four in Washington. However, after trial to the court (a jury trial having been waived), the court found that appellant had only one valid prior felony conviction, which was a conviction of grand larceny in King County in 1951. In so ruling, the trial court relied upon *Burgett v. Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258 (1967).[1] The trial court found appellant to be an habitual criminal on the basis of the instant conviction for *attempted* petit larceny and the prior felony conviction in 1951. As a result thereof, he was sentenced to penal confinement for a period of not less than 10 years nor more than 15 years.

RCW 9.92.090, the habitual criminal statute, reads as follows:

> Every person convicted in this state of any crime of which fraud or intent to defraud is an element, *or of petit larceny,* or of any felony, who shall previously have been convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been twice convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be adjudged to be an habitual criminal and shall be punished by imprisonment in the state penitentiary for not less than ten years.

> Every person convicted in this state of any crime of which fraud or intent to defraud is an element, *or of petit larceny,* or of any felony, who shall previously have

[1] Since the state did not cross-appeal from this ruling, the question of the correctness of the trial court's ruling as to the validity of the four other convictions alleged in the supplemental information is not before us and we express no opinion thereon.

been twice convicted, whether in this state or elsewhere, of any crime which under the laws of this state would amount to a felony, or who shall previously have been four times convicted, whether in this state or elsewhere, of petit larceny, or of any misdemeanor or gross misdemeanor of which fraud or intent to defraud is an element, shall be punished by imprisonment in the state penitentiary for life.

(Italics ours.)

A review of the supplemental information, charging the status of an habitual criminal, shows that appellant was brought to trial under paragraph two of the above-cited statute. He was convicted pursuant to paragraph one of the statute when the trial court refused to consider four of the five alleged felony convictions.

Appellant's second assignment of error raises a question with which this court has not previously been confronted. Assuming arguendo that appellant had, prior to the instant case, been convicted of a felony, does his conviction here of *attempted* petit larceny warrant the trial court in finding him to be an habitual criminal and in punishing him as such under the habitual criminal statute, RCW 9.92.090? We think the answer to that question is in the negative.

The thrust of appellant's argument, in the trial court and this court, is that an *attempted* petit larceny conviction affords no basis for holding that he has the status of an habitual criminal. In essence, his argument revolves around an interpretation of the habitual criminal statute and the attempt statute, RCW 9.01.070.[2]

---

[2]The above-noted statute reads in part as follows: "An act done with intent to commit a crime, and tending but failing to accomplish it, is an attempt to commit that crime; and every person who attempts to commit a crime, unless otherwise prescribed by statute, shall be punished as follows:

. . .

(2) In every other case he shall be punished by imprisonment in such manner as may be prescribed for the commission of the completed offense, for not more than half the longest term, or by a fine of not more than half the largest sum, prescribed upon conviction for the commission of the offense attempted, or by both such fine and imprisonment; . . ."

In essence, appellant presents a three-argument attack on the validity of the habitual criminal statute's application in the instant case. They are: (1) It is obvious from a strict reading of the habitual criminal statute that it refers only to *committed* crimes and not to *attempted* crimes; (2) Both in its application and purpose, RCW 9.92.090 is concerned only with felonies, and it refers to gross misdemeanors and misdemeanors only in the cases of petit larceny and where the crime has an element of intent to defraud (no reference is made to attempted misdemeanors or attempted gross misdemeanors or attempted petit larceny in the statute); and (3) The legislative intent is clear from a reading of RCW 9.01.070 that attempts are not to be punished to the same degree as committed crimes and, therefore, the punishment provisions of RCW 9.92.090 and RCW 9.01.070 are in conflict and must be resolved in favor of the appellant.

The substance of the state's position is that an attempt to commit a crime is such an act as to fall within the definition of a crime in RCW 9.01.020 and, therefore, within the ambit of RCW 9.92.090 which covers "any crime." Further, the state submits that the instant charge, attempted petit larceny, is a crime involving fraud or of intent to defraud as an element and, therefore, is chargeable under RCW 9.92.090. Finally, the state relies on *State v. Dale*, 115 Wash. 466, 197 P. 645 (1921) as approving the position that an attempt to commit a crime may be used to enhance the penalty for a later conviction. However, that decision does not involve an interpretation of the habitual criminal statute, RCW 9.92.090.

In the instant case the supplemental information charges appellant with committing a crime of which fraud or intent to defraud is an element, and the state submits that it is, therefore, entitled to seek a declaration of an habitual criminal status under RCW 9.92.090. With this position, we take exception for the following reasons.

In the original information appellant was charged with the crime of attempted grand larceny for taking an amount over $75 as described in RCW 9.54.090. However the par-

ticular offense of larceny with which he is charged therein
is defined under RCW 9.54.010(1) as:

Every person who, with intent to deprive *or* defraud
the owner thereof—

(1) Shall take, lead or drive away the property of
another; . . .

(Italics ours.) Although charged with attempted grand lar-
ceny, appellant was found guilty of attempted petit larceny
by the trial court sitting with a jury. Petit larceny, under
RCW 9.54.090, includes crimes of larceny involving prop-
erty of less than $75 in value.

■ A thorough examination of RCW 9.54.010 shows that
the five subsections therein define separate and distinct
offenses. *State v. Smith,* 2 Wn.2d 118, 98 P.2d 647 (1939);
*State v. Olds,* 39 Wn.2d 258, 235 P.2d 165 (1951). The
evidence sufficient to uphold a conviction varies from
subsection to subsection depending upon the particular
subsection and crime with which a defendant is charged.
The mere fact, as we will show, that appellant has been
convicted of attempted petit larceny may or may not show,
in our view, that the particular crime charged involved
fraud or an intent to defraud. We think this is consistent
with our past decisions involving crime charged under
RCW 9.54.010.

In order to sustain a criminal conviction under subsec-
tion one of RCW 9.54.010, the state must prove the follow-
ing elements of the crime: (1) an unlawful acquisition of
property with an intention at the time of taking to convert
it to the taker's use, and (2) an appropriation of that prop-
erty to the taker's use. All that is necessary, in other words,
is a felonious intent in the initial instance of making an
unlawful acquisition and then a subsequent appropriation
of that property. This subsection differs from, for instance,
subsection three of RCW 9.54.010, which involves the crime
of embezzlement. There, the actor in the criminal com-
plaint initially takes the property lawfully and then he
fraudulently misappropriates it. Such a crime, as defined in
RCW 9.54.010(3), requires fraud or an intent to defraud;

whereas neither is an element of RCW 9.54.010(1). *See State v. Smith, supra; State v. Johnson,* 56 Wn.2d 700, 355 P.2d 13 (1960); *State v. Konop,* 62 Wn.2d 715, 384 P.2d 385 (1963).

Under the facts of the present case appellant was found guilty under the original information of the crime of attempted petit larceny. That crime is a gross misdemeanor (RCW 9.54.090). The maximum punishment for a gross misdemeanor is imprisonment for 1 year in the county jail and/or a fine of $1,000. *Persinger v. Rhay,* 52 Wn.2d 762, 329 P.2d 191 (1958); *State v. Dooly,* 14 Wn.2d 459, 128 P.2d 486 (1942).

In view of the foregoing discussion, it is evident that the state cannot assert, as it does in its information and as it does before this court, that attempted petit larceny is a crime involving the element of fraud or an intent to defraud. It is clear under our past decisions that the crimes defined in RCW 9.54.010(1) do not involve the aforementioned elements. Unless the state can show that attempted petit larceny (as charged under RCW 9.54.010(1)) is within the scope of RCW 9.92.090 in some other manner, it cannot sustain the instant declaration of an habitual criminal status based upon one felony and one gross misdemeanor.

In reasoning thus far, we agree with the state's position that an "attempt" to commit a crime is a crime and does come within the purview of "any crime" as set forth in the habitual criminal statute, RCW 9.92.090.

Under RCW 9.01.070, an *attempt* is defined as "An act done with intent to commit a crime . . ." It is punishable in the manner prescribed for a committed crime, but the sentence or fine is limited to not more than one-half of the largest permissible sentence or fine for the committed offense or by both such fine and imprisonment. (See footnote 2.) In other words, one convicted of attempted petit larceny could not be sentenced to more than 6 months in the county jail or a $500 fine or by both such penalties for the commission of the attempt since the punishment for the

committed crime (*i.e.* petit larceny) has a maximum sentence of 1 year in the county jail or a $1,000 fine or by both, and is classified as a gross misdemeanor under our law.

In contrast to RCW 9.01.070, RCW 9.01.020 defines a *crime* as "an act or omission forbidden by law and punishable upon conviction by death, imprisonment, fine or other penal discipline." Clearly, an *attempt,* as defined by statute, is such "an *act* or omission forbidden by law . . ." and, therefore, a crime within the ambit of RCW 9.01.020.

RCW 9.92.090 permits the prosecutor to seek an habitual criminal status against a defendant "convicted in this state of *any crime* of which fraud or intent to defraud is an element, or *of petit larceny,* . . ." (Italics ours.) As we have said, an *attempt* is a crime, and if it involved fraud or an intent to defraud as an element, then appellant would be subject to prosecution under RCW 9.92.090, assuming he has the requisite number of prior convictions. However, as the analysis in this opinion reveals, the instant conviction of attempted petit larceny under RCW 9.54.010 does not involve fraud or an attempt to defraud as alleged by the state and, therefore, is not within the scope of RCW 9.92.090.

Furthermore, the state cannot bring the conviction of attempted petit larceny within the term, *petit larceny,* in RCW 9.92.090 since there is no reference in the statute to attempted petit larceny, except insofar as it can be brought within the term "any crime" as used in the habitual criminal statute. As we noted in *State v. Gjertson,* 71 Wn.2d 757, 430 P.2d 972 (1967), the legislature in many instances has by statute made attempts specific crimes under specific statutes. In other cases where specific statutes do not govern attempts, then RCW 9.01.070 applies. It would seem that if the legislature had desired to include convictions of attempted petit larceny within the "or of petit larceny" provision of RCW 9.92.090, it would have so stated. It is not our function to rewrite the statute.

In summary, we hold that the state cannot sustain the declaration of an habitual criminal status in the instant

650

case for the reasons above given. As a result, we need not consider the remaining assignments of error.

For the reasons above stated, we are convinced that the judgment and sentence must be reversed in the habitual criminal proceeding, and the cause remanded with directions to vacate it and impose a new sentence upon appellant based solely upon his conviction of attempted petit larceny.

It is so ordered.

HUNTER, C. J., HILL, ROSELLINI, and HALE, JJ., concur.

*Reported in 458 P.2d 558.