[No. 96-40909-3.    Division Three.    April 16, 1970.]

THE STATE OF WASHINGTON, *Respondent*, v. ELMER C. DAVIS, *Appellant*.

*Madison R. Jones,* for appellant (appointed counsel for appeal).

*Arthur R. Eggers, Prosecuting Attorney,* and *Albert J. Golden, Deputy,* for respondent.

MUNSON, J.—Defendant appeals from a conviction for escape claiming denial of a speedy trial.

Davis, originally committed to the state penitentiary at Walla Walla on 2 counts of burglary in the second degree and 1 count of grand larceny—sentences to run consecu-

tively for the former and concurrently for the latter—allegedly escaped from the minimum security building at the penitentiary on March 19, 1966.

The following is a chronology of pertinent events from the time of the alleged escape until trial:

July 11, 1967 a detainer was placed by the Walla Walla County Sheriff with the United States Marshal at Sacramento, California upon learning of the whereabouts of defendant;

May 6, 1968 defendant, by handwritten letter, notified the Walla Walla Prosecuting Attorney of his location, requested a speedy trial on any charges pending against him and waived extradition rights to the state of Washington;

July 25, 1968 a second detainer was lodged against defendant at the United States penitentiary, Leavenworth, Kansas;

September 27, 1968 a formal motion for speedy trial or in the alternative dismissal of charges was filed with the Walla Walla County Clerk;

October 3, 1968 the prosecuting attorney wrote the Director of the United States Bureau of Prisons requesting information concerning procedure necessary to return defendant to the state of Washington;

October 7, 1968 the prosecuting attorney wrote defendant and enclosed copies of the information alleging escape and the letter to the Director of the United States Bureau of Prisons;

October 28, 1968 the prosecuting attorney was advised by the director of the bureau of prisons that defendant would be transfered to McNeil Island, Washington;

November 20, 1968 the prosecuting attorney was advised that defendant had been received at McNeil Island;

December 4, 1968 superior court at Walla Walla executed a writ of habeas corpus ad prosequendum for the return of defendant to Walla Walla;

December 16, 1968 defendant was arraigned on charges of escape and counsel was appointed to represent him;

January 8, 1969 defendant's September motion, *supra,*

was argued and continued for submission of additional legal authorities;

February 4, 1969 motion was orally denied after considering counsel's additional legal authorities and arguments;

March 3, 1969 jury trial was held at which time the motion to dismiss was renewed and denied. The jury subsequently returned a verdict of guilty; judgment and sentence were entered upon the verdict. Defendant appeals.

■ The sole issue before this court is whether defendant was deprived of his constitutional rights to a speedy trial.

In determining this issue, the court must look at all the circumstances in a particular case and determine whether or not there has been an abuse of judicial discretion. *State v. Garman,* 76 Wn.2d 637, 458 P.2d 292 (1969); *State v. McEvers,* 76 Wn.2d 34, 454 P.2d 832 (1969); *State v. Christensen,* 75 Wn.2d 678, 453 P.2d 644 (1968); *State v. Brewer,* 73 Wn.2d 58, 436 P.2d 473 (1968); *State v. Alter,* 67 Wn.2d 111, 406 P.2d 765 (1965); *State v. Thompson,* 38 Wn.2d 774, 232 P.2d 87 (1951); *State v. Estes,* 151 Wash. 51, 274 P. 1053 (1929); *State v. Miller,* 72 Wash. 154, 129 P. 1100 (1913).

The first question to be decided is whether the state has a positive duty dating from the time they first learned of defendant's whereabouts, *i.e.,* July 1967, to make demand for his return to the state of Washington for trial when defendant has made no prior demand for trial? We answer in the negative.

The sixth amendment to the United States Constitution pertaining to the right to a speedy trial by virtue of the Fourteenth Amendment is enforceable against the states. *Klopfer v. North Carolina,* 386 U.S. 213, 18 L. Ed. 2d 1, 87 S. Ct. 988 (1967). Likewise, the Constitution of the State of Washington, article 1, section 22 (amendment 10) sets forth the right to a speedy trial as one of our most basic rights.

■ However, this constitutional provision is deemed waived unless the defendant makes demand for a speedy

trial. *Smith v. Hooey*, 393 U.S. 374, 21 L. Ed. 2d 607, 89 S. Ct. 575 (1969).

A defendant must demand a speedy trial in order to preserve his Sixth Amendment right. [*i.e.*, right to a speedy trial.] . . .

The demand rule . . . serves the salutary purpose of insuring that the right to a speedy trial is not employed "as a sword for defendant's escape, but rather as a shield for his protection". Note, The Right to a Speedy Criminal Trial, 57, Colum. L. Rev. 846, 853 (1957). The requirement of a demand is premised "on the almost universal experience that delay in criminal cases is welcomed by defendants as it usually operates in their favor". United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (2d Cir. 1963).

*United States v. Birrell*, 276 F. Supp. 798, 820 (S.D.N.Y. 1967). There being no demand by defendant prior to May 1968, his constitutional rights during the period of July 1967 to May 1968 were not abridged.

The handwritten letter of May 1968 to the prosecuting attorney was at least indicia of defendant's desire to have all matters presently pending in that county brought before the court for disposition. Admittedly, there was ample time between the May request and the fall jury term to have made inquiry of the federal authorities as to defendant's availability to stand trial on the escape charge.

As set forth above, defendant's right to a speedy trial under either the federal or state constitution is not abridged until he makes demand; however, a demand made to the prosecuting attorney or prosecuting official of a given jurisdiction, under the constitution, is insufficient; the demand for speedy trial must be made upon the court having jurisdiction of the offense. *United States v. Lustman*, 258 F.2d 475 (2d Cir. 1958), *cert. denied*, 358 U.S. 880, 79 S. Ct. 118 (1958).

■ In *State v. Christensen, supra,* our court sets forth four factors, the presence of any one of which may constitute a denial of the constitutional right to a speedy trial:

(1) a delay of such length alone as to amount to a denial of the right to a speedy trial;

(2) prejudice to the defense arising from the delay;

(3) a purposeful delay designed by the state to oppress the defendant; or

(4) long and undue imprisonment in jail awaiting trial.

While we do not condone the prosecuting attorney's delay between May and September, we do not feel, considering factors (1) and (3) of the *Christensen* case, this delay is either of sufficient length to amount to a denial of the right of a speedy trial, or that it was purposefully designed to oppress the defendant. *Smith v. Hooey, supra; United States v. Ewell,* 383 U.S. 116, 15 L. Ed. 2d 627, 86 S. Ct. 773 (1966); *United States v. Lebosky,* 413 F.2d 280 (3d Cir. 1969); *United States ex rel. Solomon v. Mancusi,* 412 F.2d 88, 90 (2d Cir. 1969); *Hodges v. United States,* 408 F.2d 543 (8th Cir. 1969).

On the date the jury trial was to begin, defendant renewed his motion to dismiss, in part based upon his affidavit stating he had a missing witness whose whereabouts was known by him between March 19, 1966 and November 12, 1968 but that said witness had since disappeared and defendant did not believe the witness could be found. The affidavit further stated that this witness would be able to testify to facts and circumstances surrounding the events of March 19, 1966 and subsequent thereto, and that affiant believed the missing witness' testimony to be material to his defense. By this vehicle, defendant attempts to bring himself within the second factor set forth in the *Christensen* case, *i.e.,* prejudice to the defense arising from delay.

Counsel was appointed to represent defendant at his arraignment in December 1967; during the first argument on the motion to dismiss on February 4, 1968, defense counsel admitted to the court at that time he had no knowledge or information about any missing witnesses or anyone who could come in and testify for the defense to the events surrounding the escape. Defendant did not, at that time, seek a continuance for the purpose of locating the witness; neither did he at any appearance before the trial court request the court's assistance, or that of the state, in at-

tempting to locate said witness. We find no merit to this contention and we consider this claim of prejudice to be vacuous.

Likewise, we have considered the interpretation given upon the fourth factor, *i.e.,* long and undue imprisonment in jail awaiting trial as set forth in *Smith v. Hooey, supra,* and find them inapplicable in the instant case. We find there has been no violation of defendant's rights under either the United States Constitution or the Constitution of the State of Washington.

None of the statutes of this state pertaining to a defendant being brought to trial within a certain specified period are applicable to a defendant who is charged under an indictment or information within this state and presently being confined in a federal penal institution outside this state, *i.e.,* RCW 10.46.010; RCW 9.98.010-.020; RCW 9.100.010. The defendant at best has an argument under RCW 10.46.010 inasmuch as he was within the state in December 1968 and did not go to trial until March 3, 1969. However, during that interval he was brought to Walla Walla County and returned to McNeil Island to await trial; his September motion was pending; there was no jury empaneled during that period; and defendant received one of the first trials of the newly empaneled jury in March 1969. Therefore, good cause has been shown why he was not tried within the 60-day limit. *State v. Jestes,* 75 Wn.2d 47, 448 P.2d 917 (1968); *State v. Garman,* 76 Wn.2d 637, 458 P.2d 292 (1969).

Defendant further argues that he has been denied equal protection of the law under both the United States Constitution and the Constitution of the State of Washington. We find such assignment of error to be without merit.

Judgment is affirmed.

EVANS, C. J., and GREEN, J., concur.

---

Petition for rehearing denied June 29, 1970.