**UNITED STATES of America**

v.

**George LEBOSKY, Appellant.**

**No. 17190.**

United States Court of Appeals
Third Circuit.

Argued June 19, 1969.

Decided July 2, 1969.

Rehearing Denied Sept. 9, 1969.

William H. Sheil, Newark, N. J., for appellant.

John N. Ellsworth, Asst. U. S. Atty., Newark, N. J. (David M. Satz, Jr., U. S. Atty., Newark, N. J., on the brief), for appellee.

Before HASTIE, Chief Judge, and McLAUGHLIN and SEITZ, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Appellant appeals his October, 1967, conviction after a jury trial on a four-count indictment charging him with forging and uttering United States Treasurer's Bonds in violation of 18 U.S.C.A. § 495.

Appellant's first contention below, renewed in this court, is that the indictment should have been dismissed because the Government denied him his constitutional right to a speedy trial. The facts relevant to his contention are as follows:

On August 13, 1965, a complaint was filed before a United States Commissioner in the District of New Jersey charging the appellant with the offenses in question. A bench warrant was issued for his arrest, but he could not be located at his last known address or elsewhere and the warrant was placed in the "hold" file. On March 21, 1966,[1] the United States Marshal received word that appellant was serving a state sentence in the California State Medical Center, whereupon he forwarded the bench warrant and a copy of the complaint to the Marshal at San Francisco with a request that the warrant be lodged as a detainer against appellant. At some point, which the record does not make clear, the appellant became aware of the detainer. In April of 1966, he sent a letter to the federal authorities in California requesting a speedy trial. The request was forwarded to the United States Attorney's office in Newark, New Jersey, where it was received on April 25, 1966. On May 4, 1966, a Federal Grand Jury at Newark indicted appellant. On May 17, 1966, the appellant refused to have the matter disposed of under F.R.Crim.P. 20 and requested an early trial. Several similar requests by him followed, all of which reached the

United States Attorney in Newark, New Jersey. By letter dated January 12, 1967, the United States Attorney informed appellant that as soon as he completed his term of imprisonment on the state charges he would be transported to New Jersey for trial.

A few months later appellant was turned over to the federal authorities and arrived in New Jersey on March 17, 1967. He entered a plea of not guilty, and counsel was then appointed for him. The case was called for trial on June 19, 1967, but a mistrial was declared on June 20. A jury retrial could not commence until September. On July 6, 1967, the appellant was turned over to the New Jersey authorities on a parole violation charge. On July 26, 1967, the State returned appellant to the Government's custody, at which time appellant was released from jail on his personal recognizance bond. His retrial and conviction took place in October, 1967. We think under the facts we have narrated there can be no complaint concerning the period between March, 1967, and the date of his second trial in October of that year. We therefore focus on the earlier period.

Appellant relies on Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). That recent case involved a federal prisoner who, over a period of eight years, first by letter and later by legal proceedings, sought a speedy trial on state criminal charges pending against him. The Court held that "[u]pon the petitioner's [prisoner's] demand, Texas had a constitutional duty to make a diligent, good faith effort to bring him before the Harris County Court for trial."[2] In applying this rule to our case, the Government's conduct must be considered in the light of the fact that the Smith case had not been decided and the existing case law as to

---

1. Appellant contends that the Government knew of his whereabouts somewhat earlier but, if true, it would not affect our decision.

2. We are not sure whether a showing of actual prejudice or the lack thereof plays any part in the application of the Smith case. We have assumed for purposes of our decision that it does not.

the Government's duty, if any, was far from clear.

The key issue here is whether, after receipt of the appellant's demand, the United States Attorney made a diligent good faith effort to return him to New Jersey for trial. There is no challenge to the Government's subjective good faith. The question is whether it was sufficiently diligent. Obviously, the term is a relative one, and the surrounding circumstances are necessarily crucial.

The United States Attorney in Newark, New Jersey, apparently first became aware of appellant's request for a speedy trial on April 25, 1966. Prompt Grand Jury action followed. Thereafter, an unsuccessful attempt was made to have the appellant dispose of the matter by a plea made pursuant to F.R.Crim.P. 20. The appellant then renewed his requests for a speedy trial. So far as the record shows, the next action by the Government took place on January 12, 1967, when it wrote the appellant that as soon as he had completed his term of imprisonment in California he would be returned to New Jersey to stand trial. While we do not condone the Government's delay in answering the appellant's request for a speedy trial, we do not think that the delay of approximately eight months in and of itself constitutes a violation of the constitutional duty imposed on the Government by the Smith case. Nor is our conclusion altered by the fact that the Government declined to bring appellant to trial until he had completed his California sentence. When the Government indicated it would postpone further prosecution of appellant until he had completed his term of imprisonment, there were but two months remaining of the sentence. If it had not waited, appellant would have had to be brought from California to New Jersey to stand trial and then possibly returned to California for a few months at most. Compare United States v. Banks, 370 F.2d 141, 144 (4th Cir. 1966), cert. den., 386 U.S. 997, 87 S.Ct. 1317, 18 L.Ed.2d 345 (1967).

We therefore conclude that the United States Attorney was not lacking in good faith diligence in bringing appellant to trial and that the appellant was not deprived of his right to a "speedy trial" within the constitutional meaning of that term.

Appellant points to two alleged trial errors which we have considered and found not to constitute reversible error.

The judgment of conviction will be affirmed.